STATE, *ex rel.* CHARLIE DEEB, v. C. M. AUSLEY, Chairman Bd. Co. Comr's Leon Co., *et al.*

156 So. 909.

En Banc.

Opinion Filed October 6, 1934.

*H. H. Wells* and *B. K. Roberts,* for Relator;

*William Blount Myers,* for Respondents;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *Robert J. Pleus,* Assistants, and *Alston Cockrell,* as *amicus curiae.*

PER CURIAM.—This is an original proceeding in mandamus to compel the County Commissioners of Leon County to call an election to be held on the 6th day of November, 1934, at the time and place at which the general election is to be held, to determine whether or not intoxicating liquors, wines and beer may be legally sold in Leon County, Florida, if and when the proposed Constitutional amendment submitted under House Joint Resolution No. 83 shall be adopted by the electors as part of the organic law of this State at the general election to be held in the several precincts in Florida on November 6, 1934.

To determine the questions involved it is only necessary for us to state elementary principles governing mandamus proceedings.

The duties of County Commissioners are only those which are prescribed either by the Constitution or statutes. House Resolution No. 83 is neither a statute nor at this time any part of the Constitution of the State of Florida.

For one to be entitled to have issued a peremptory writ of mandamus to coerce the performance of any alleged duty, it must appear that it is clearly the legal duty of the officer

proposed to be coerced to perform the duty which is sought to be coerced and that he has refused or failed to perform that duty.

There is no statute nor provision of the present Constitution of Florida which requires the Board of County Commissioners of Leon County to call and provide for an election to be held such as is contemplated by the alternative writ of mandamus in this case. Therefore it follows as an elementary principle that this Court is without power to issue its peremptory writ of mandamus pursuant to the alternative writ heretofore issued.

Therefore, the motion to quash the alternative writ of mandamus is granted and the cause is dismissed.

So ordered.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN, and BUFORD, J. J., concur.