STATE *ex rel.* ALLIED ENGINEERING CORPORATION v. WILSON M. BAILEY, as Chairman, and C. ALVIN STEPHENS, C. W. SHELTON, J. R. MAYO, and J. A. DANIELS, as Members of and Constituting the Board of County Commissioners of Calhoun County, and J. A. PEACOCK, as Clerk of the Circuit Court and ex officio Clerk and Auditor of the Board of County Commissioners.

190 So. 445.

En Banc

Opinion Filed June 30, 1939

Rehearing Denied July 27, 1939

*W. L. Hill, Hampton, Bull & Crom* and *Carter & Pierce,* for Relator;

*Marion B. Knight,* for Respondents.

CHAPMAN, J.—This case is before the Court on motions of relator, viz.: (a) to recall the peremptory writ of mandamus and to amend the alternative writ by striking out the word "disapprove;" (b) and to strike the return, as made by the respondents, to the peremptory writ of mandamus.

The command of the alternative writ of mandamus issued by this Court on the petition of the relator is, viz.: "These are, therefore, to command you Wilson M. Bailey, as chairman, and C. Alvin Stephens, C. W. Shelton, J. R. Mayo, and J. A. Daniels, as members of and constituting the Board of County Commissioners of said County to forthwith convene and approve or disapprove said claims of relator, Allied Engineering Corporation, against Calhoun County, Florida, to-wit:

"(a) Claim of $83,593.36 with credit of $62,500.00, leaving balance due of $21,093.36 for engineering service rendered Calhoun County, Florida, by Relator under contract between Relator and said county, dated December 22, 1934.

"(b) Claim of Relator against Calhoun County, Florida, under said contract for $10,200.00 for extra engineering services and inspection services under construction contract No. 1 between Calhoun County, Florida, and Wisconsin Bridge & Iron Company, 240 days at $43.00 per day;

"(c) Claim of Relator against Calhoun County, Florida, under its contract aforesaid with said county, for $2,064.00 for extra engineering services and inspection services relating to construction contracts Nos. 1 and 2 between Calhoun County, Florida, and Wisconsin Bridge & Iron Company, 48 days at $43.00 per day;

"(d) Claim of Relator against Calhoun County, Florida, under its contract with said county under construction con-

tract No. 2 between Calhoun County, Florida, and Wisconsin Bridge & Iron Company 65 days extra work at $27.00 per day, amounting to $1,755.00;

"Or show cause before the Supreme Court of Florida, at Tallahassee on April 4th, 1939, at 9:30 o'clock A. M., why they fail or refuse so to do; and the respondent, J. A. Peacock is hereby ordered to audit said claims, or show cause at the same time why he fails or refuses so to do."

The peremptory writ of mandamus subsequently issued and followed the commands of the alternative writ, thereby making it the duty of the respondents to approve or disapprove the items, *supra,* as required by sub-Section 12, Section 2153 C. G. L., which makes it the legal duty of the respondents to approve or disapprove all accounts against Calhoun County. The certificate of compliance made by the respondents to the peremptory writ shows that the Board of County Commissioners and the Clerk of the Circuit Court of Calhoun County convened at the court house at Blountstown, Florida, on June 5, 1939, pursuant to the commands of the peremptory writ and did then and there enter an appropriate order or minute disapproving each of relator's items, *supra.*

It is contended by counsel for the relator that the performance by respondents of the commands of the peremptory writ, as shown by the certificate or certificates of performance is not only an illegal performance, but evasive, contradictory and is tantamount to a refusal or a non-performance; that it was the legal duty of the respondents to file in this Court a certificate showing full and complete performance with the commands of the peremptory writ by entering an order or minute showing an approval of the items, *supra,* being a ministerial duty on the part of the respondents. Counsel cite a number of authorities to sustain their contention. We have carefully examined these

citations. We are unable to agree to the conclusion that the legal duty of the respondents in the case at bar is minis-terial. The statute, being sub-section 12 of Section 2153 C. G. L., clothes the Board with the discretionary power either to approve or disapprove accounts against said county, and this Court cannot in a mandamus proceeding control the discretion granted by the Legislature to the Board.

In the certificate of performance it is shown that the claims, *supra,* against the county were disapproved. It must appear that the relator has a clear legal right to the performance by the respondent of the particular duty in question. See State v. Florida East Coast R. Co., 69 Fla. 165, 67 So. 906; Merchants Broom Co. v. Butler, 70 Fla. 397, 70 So. 383; Leatherman v. Schwab, 98 Fla. 885, 124 So. 459; State v. Greer, 88 Fla. 249, 102 So. 739, 37 A. L. R. 1298; Welch v. State, 85 Fla. 264, 95 So. 751; Myers v. State, 81 Fla. 32, 87 So. 80; Johns v. County Com'rs., 28 Fla. 626, 10 So. 96; Davis v. Crawford, 95 Fla. 438, 116 So. 41; State v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 So. 213, 13 L. R. A. (N. S.) 320, 12 Ann. Cas. 359; State v. Amos, 100 Fla. 1335, 131 So. 122.

It is possible that the respondents have paid the items or claims or a common-law set-off exists between the parties, or some other defense to the claims that will in law justify their action in disapproving the same. These defenses, if any, may be shown when an action, if any, is brought to recover the disputed items.

The motions are hereby denied.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.