J. W. DAVIS, as Chairman, *et al.*, v. W. A. KEEN.

192 So. 200
Division B
Opinion Filed November 24, 1939

*Winder H. Surrency,* for Appellants;

*Paul C. Albritton,* for Appellee.

CHAPMAN, J.—The record in this case discloses that W. A. Keen was Sheriff of Sarasota County, Florida, from January, 1929, to January 3, 1933. On May 12, 1936, the State Auditing Department audited the office and accounts of the said W. A. Keen and reported an over-charge for various items against Sarasota County in the total sum of $978.34, which was the sum total of over-charges made the county by the sheriff in extradition cases during the year 1931. It is admitted that W. A. Keen rendered statements to the County Commissioners of Sarasota County aggregating the aforesaid sum when the aforesaid statements were by the board audited, approved and paid as lawful claims against the County of Sarasota. There is a complete absence of the exercise of fraud, coercion or compulsion on the part of the former sheriff and appellee here.

The County Commissioners of Sarasota County, Florida, under Chapter 16162, Special Laws of Florida, Acts of 1933, were in the control and possession of money, the property of the said W. A. Keen, in an amount in excess of the claim of Sarasota County against the former sheriff and withheld payment thereof or impounded the same for the purpose of paying the county's claim against Keen. The claim of the county against Keen rests on the report of the State Auditing Department as to over-charges for extradition cases, which statements the board of county commissioners had received, audited, and approved the amount

·of the statements so rendered and paid the money therefor to former Sheriff Keen.

On October 16, 1936, W. A. Keen filed his bill of complaint in the Circuit Court of Sarasota County, Florida, against the board of county commissioners praying that the board be restrained from diverting the funds provided for by Chapter 16162, Special Laws of Florida, Acts of 1933, and that the Board of County Commissioners of Sarasota County, Florida, be ordered to pay to the plaintiff said funds and that it be forever restrained from diverting or attempting to set off the claim of Sarasota County as against the fund established and created by Chapter 16162, *supra.*

The board of county commissioners answered the bill of complaint and asked for affirmative relief as against the plaintiff Keen in the form of a judgment for the sum of $978.34 alleged to be due by the sheriff to the County of Sarasota on account of over-charges in the form of cost bills audited, approved and unlawfully paid to the sheriff by the board of county commissioners, and the greater portion of said amount was paid during the year 1931.

The cause was referred to a master, testimony taken, and on final hearing the lower court permanently enjoined and restrained the County Commissioners of Sarasota County from paying to any person other than W. A. Keen any of the funds accruing under Chapter 16162, *supra,* and directed the payment of the funds then impounded to the plaintiff or his solicitor. From this decree an appeal has been perfected and the case is here for review.

It is admitted that the Board of County Commissioners of Sarasota County, during the period of time from January 1, 1931, to January 3, 1933, audited and approved the statements rendered by W. A. Keen, while sheriff, of the different items aggregating the total sum of $978.34, and issued

the warrants of the county for the payment thereof. The State Auditing Department, some three years thereafter, or to be specific as to time, on May 12, 1936, while auditing the sheriff's office and accounts, determined that the different items here involved were unlawfully paid by the board and when so advised the board impounded certain money of W. A. Keen in the possession and control of the board under Chapter 16162, *supra*. The board seeks to recover the money in the sum of $978.34 unlawfully and erroneously paid to the plaintiff.

Sub-section 12 of Section 2153 C. G. L. makes it the legal duty of boards of county commissioners in the different counties of Florida to approve or disapprove all accounts against the different counties of Florida. This statute imposes a discretionary power or authority on the boards of county commissioners to determine whether or not a claim when presented is a just and lawful account, and if the account is unlawful the board has the power and authority to reject the payment thereof, but if the claim is a lawful account against the county, the board has the power and authority to approve the same and have payment made when it is audited and its correctness determined. See State *ex rel.* Allied Engineering Corp. v. Bailey, 139 Fla. 85, 190 So. 445. The record shows that the Board of County Commissioners of Sarasota County discharged their duties under Sub-section 12 of Section 2153 C. G. L. and the former sheriff received payment of the accounts presented. The State Auditing Department asserts that the payment thereof to the former sheriff was unlawful, when steps are taken by the board of county commissioners as now constituted some three years after payment was made to recover the alleged amount.

This Court is committed to the rule, in the 'absence of

fraud or the absence of discretion clearly shown, that an action taken or had by a majority of a board of county commissioners on any subject within the authority given by a statute is not subject to review by the courts. See State *ex rel.* Himes v. Culbreath, 128 Fla. 210, 174 So. 422; Stubbs v. Florida State Finance Co., 118 Fla. 450, 159 So. 527; State *ex rel.* Deeb v. Ausley, 116 Fla. 762, 156 So. 909; Wilton v. County of St. Johns, 98 Fla. 26, 123 So. 527; Bowden v. Ricker, 70 Fla. 154, 69 So. 694; Osban v. Cooper, 63 Fla. 542, 58 So. 50.

It is fundamental that an officer in creating a charge or claim against a county must be authorized by law so to do. The claim or indebtedness so created must be such as may legitimately be incurred under the express or clearly implied power given by a statute if the county is to be bound therefor. See Payne v. Washington County, 25 Fla. 798, 6 So. 881. Sub-section 12 of Section 2153 C. G. L. gave the Board of County Commissioners of Sarasota County during the years from 1931 to 1933 the authority or power to approve or disapprove the claims or statements in the sum of $978.34 against Sarasota County in favor of W. A. Keen and the board, acting for the County of Sarasota, not only approved the statements but audited the amount due and issued warrants therefor. The County of Sarasota, some three years thereafter acting through the board of county commissioners, determined that the former payments to W. A. Keen were not only erroneous but were unlawful and in an answer in an equity suit the County of Sarasota in the form of affirmative relief seeks a judgment against W. A. Keen for said amount

It is admitted that the several items aggregating the sum of $978.34 are for over-charges made by the former sheriff in extradition cases. Section 4591 C. G. L. makes it the

duty of the sheriffs of the several counties of Florida to go beyond the limits of the State and return prisoners charged with the violation of Florida laws and likewise his compensation is fixed and pursuant to this statute the statements of the sheriffs were rendered to Sarasota County and the board of county commissioners, pursuant to Sub-section 12 of Section 2153 C. G. L., audited and paid the same. It is not necessary for a decision of this case to consider the legality of the several items or statements rendered by the former sheriff to the county, but whether or not the board of county commissioners at the time of payment had the authority or power to approve or disapprove, audit and pay the claims as charges against Sarasota County.

In the case of County Com'rs. Escambia County v. Board of Pilot Com'rs., 52 Fla. 197, 42 So. 697, 120 Am. St. Rep. 196, an alternative writ of mandamus issued on the relation of the pilot commissioners directed to the Board of County Commissioners of Escambia County commanding the auditing and payment of certain items due the employees of the pilot commissioners for labor and services rendered. The county commissioners declined and refused to audit and pay the same. The lower court entered a peremptory writ of mandamus directing the payment thereof by the county and on writ of error the same was reviewed and affirmed in this Court. It was urged there that the items were not lawful or proper charges against the county. This Court, speaking through Mr. Justice WHITFIELD, said:

"* * * Whether an expenditure demanded as to be made from the funds derived by a county from taxes assessed and imposed by it by virtue of legislation under the Constitution, is or is not for a county purpose, is to be determined by the courts from the facts and circumstances of each particular case; but when an expenditure is authorized by the

Legislature as being a county purpose, the courts will not interfere except in cases free from all reasonable doubt. When a county purpose has been designated by a statute which directs that expenses incurred by certain officers for the protection of ports, harbors, bays and rivers within the county, shall be audited and paid by the county commissioners as other charges against the county are audited and paid, such designation of a county purpose will, in deference to the legislative department, be recognized and enforced by the courts unless it clearly appears that it is not a county purpose within the meaning of the Constitution. If the payment demanded of a county is for a county purpose, the particular officers engaged and methods used under a statute in incurring the expenditure do not affect its character as a county purpose. A river, harbor or bay of a port is a public highway, useful to the people of the county in which it is situated for the purposes of navigation and commerce. The depth of the water therein is one of the chief elements of its value, and its protection from injury of being filled in, is within the purposes for which county governments are established, even though the harbor or bay be also and largely used for passage to and from, and commerce with, points beyond the county. It is competent for the State acting through the counties to protect the ports, harbors, bays and rivers therein if the control of the general government within its sphere is not thereby interfered with. See Cotton v. County Commissioners of Leon County, 6 Fla. 610; Stockton v. Powell, 29 Fla. 1, 10 South. Rep. 688; County Commissioners of Duval County v. City of Jacksonville, 36 Fla. 196, 18 South. Rep. 339; Skinner v. Henderson, 26 Fla. 121, 7 South. Rep. 464; President and Commissioners, etc., v. State *ex rel.* Board, etc., 45 Ala. 399."

Section 4591 C. G. L. makes it the duty of the sheriffs of the several counties of Florida to return prisoners charged with a violation of the criminal laws of Florida and prescribes compensation therefor. Sub-section 12 of Section 2153 C. G. L. makes it the duty of the boards of county commissioners to approve or disapprove, audit and pay the claims against a county. The former sheriff's claim against the county was authorized by statute and when the County Commissioners of Sarasota County, Florida, approved, audited and paid the same, it then and there became a closed transaction in the absence of a showing of fraud, coercion or compulsion or abuse of discretion. The lower court found as a matter of fact from the testimony adduced that fraud, coercion or compulsion were not involved and there is evidence sufficient to sustain this conclusion. We have been favored with strong and well prepared briefs on the part of counsel for the respective parties. The case likewise was ably presented on oral argument at the bar of this Court. Careful consideration has been given to the entire record and we are unable to find reversible error.

The decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

THOMAS, J., concurs in opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.