James W. Vance Attorney Lake Worth Utilities Authority West Palm Beach
QUESTIONS:
1. May the Lake Worth Utilities Authority, as a separate unit of city government, exercise those powers granted to municipalities by the Municipal Home Rule Powers Act, Ch. 166, F. S., in its operation of the utility systems of Lake Worth?
2. May the authority, in the exercise of its municipal powers with regard to city utility systems, enact per diem and travel allowances which vary from s. 112.061 of the Florida Statutes?
SUMMARY:
The Lake Worth Utilities Authority, created by special act as a separate autonomous unit of city government for prescribed specialized purposes of providing, operating, and managing utilities for the city, is not a `municipality,' nor vested with home rule powers within the purview of s. 2, Art. VIII, State Const., and the Municipal Home Rule Powers Act, and it may exercise only those powers granted by its enabling special act, as amended. In the absence of a provision to the contrary in the special act creating the authority, the utilities authority may not enact legislative regulations for per diem and travel expenses which vary from or conflict with the provisions of the uniform travel expense law, and the travel expenses and per diem of the officers and employees of the authority are governed and controlled by the rates and limitations set forth in s. 112.061, F. S.
Your questions are answered in the negative.
AS TO QUESTION 1:
The Lake Worth Utilities Authority was created by special act, Ch. 69-1215, Laws of Florida, as amended by Ch. 72-591, Laws of Florida, and Ch. 73-524, Laws of Florida, for the purpose of performing a prescribed specialized function; that is, the development, production, purchase, and distribution of all electricity, gas, water, sanitary sewer collection and disposal, and other utility services by the city. The authority has exclusive jurisdiction, control, and management of the utilities of the city and all its operations and facilities. Section 1, Ch. 69-1215, Laws of Florida. The special act provides that the authority operates as a special, autonomous unit of city government, free from the jurisdiction and control of the city commission and other city officers except as otherwise provided in the act. Section 1, Ch. 69-1215. In performing its prescribed function, s. 1 of the act provides:
 The Authority shall have all the powers and duties possessed by the city to construct, acquire, expand and operate utility systems, and to do any and all acts or things that are necessary, convenient or desirable in order to operate, maintain, enlarge, extend, preserve and promote an orderly, economic and businesslike administration of the utilities systems.
This office has previously stated that the Municipal Home Rule Powers Act, Ch. 166, F. S., does not apply to special districts since such districts are not `municipalities' within the meaning of the act. See AGO 073-443 in which this office concluded that a downtown development authority, established by special act of the Legislature as a separate entity, was not a municipality and did not possess the general municipal government functions and powers; therefore, the Municipal Home Rule Powers Act did not apply to the authority. See also AGO 069-139 in which this office considered whether a fire control district, created by special act which provided that the district was a public municipal corpartion, could be treated as a municipality. This office stated:
 It is clear from a consideration of these special acts that the District is an entity created for definitely restricted purposes and not for general community government. The single reference to its status as a public corporation, supra, is coupled with an enumeration of specified acts which the District may perform only in order to carry out the `purposes of this act.' Those purposes, in my opinion, relate primarily to fire protection, and do not encompass the ordinary functions of a municipal corporation. (Emphasis supplied.)
Cf. AGO 074-28 concluding that the South Lake Worth Inlet District, a special taxing district created by special law, is not subject to the statutory provisions granting home rule powers to counties and municipalities; AGO 069-130, concluding that an ordinance purporting to levy a cigarette tax under the provisions of s. 210.03, F. S. 1667, enacted by a fire control district was invalid as being beyond its statutory powers, although its enabling act designated it as a public municipal corporation.
While the Lake Worth Utilities Authority is a part of the government of the City of Lake Worth, it does not possess the general powers of the municipality within the purview of s. 2, Art. VIII, State Const., or Ch. 166, F. S. It operates as a separate unit of city government for a specialized purpose and, except as otherwise provided in the special act, the authority is free from the jurisdiction, direction, and control of the city.See AGO 077-116 in which this office stated that the authority may, but is not required to, contract with the City of Lake Worth to bill, collect, and account for waste removal fees. The special act creating the authority sets forth the authority, powers, and jurisdiction of the authority, it is not a special act pertaining to the power or jurisdiction of the City of Lake Worth or its governing body. The act gives the city no additional powers; rather, the specialized powers are bestowed upon the authority as a separate entity. The fact that the members of the authority are appointed by the city commission, see s. 2, Ch. 69-1215, Laws of Florida, does not change this. Cf. AGO 073-443. An examination of the special act creating the authority indicates that the authority was created for a definitely restricted purpose — to develop and distribute utility services. The authority's powers as set forth in Ch. 69-1215, as amended, are restricted to this purpose and do not encompass the ordinary and general or legislative functions and purposes of a municipal corporation. Therefore, I am of the opinion that the Lake Worth Utilities Authority is not a municipality and possesses no home rule powers or other legislative powers except those powers as are expressly granted by Ch. 69-1215 or are necessarily implied because they are essential to carry into effect those powers expressly granted. Cf. Edgerton v. International Co., 89 So.2d 488 (Fla. 1956); State v. Smith, 35 So.2d 650 (Fla. 1948); Gessner v. Del-Air Corporation,17 So.2d 522 (Fla. 1944); AGO's 069-130, 073-261, 073-314, 073-374, 074-49, and 074-169.
Chapter 69-1215, Laws of Florida, as amended, expressly charges the utilities authority with the responsibility for the development, production, purchase, and distribution of utility services by the city. To accomplish this, the authority is authorized to exercise the powers and duties possessed by the city to construct, acquire, expand, and operate utility systems and to preserve and promote their orderly and economic administration. This grant of power by Ch. 69-1215 does not, however, make the authority a municipality or vest in it any home rule powers; its powers are limited to those expressly or by necessary implication granted by the special act, not by s. 2, Art. VIII, State Const., or Ch. 166, F. S. While Ch. 69-1215 provides that the authority may exercise the powers and duties generally held by the city to construct, acquire, expand, and operate the utilities, such powers should be narrowly and strictly interpreted. Cf. AGO's 069-130 and 074-49. Moreover, if there is any doubt as to the existence of authority, it should not be assumed or exercised. Hopkins v. Special Road and Bridge District No. 4, 74 So. 310 (Fla. 1917); Harvey v. Board of Public Instruction, 133 So. 868 (Fla. 1931); State v. Ausley, 156 So. 909 (Fla. 1934); Gessner v. Del-Air Corporation, supra; State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert.dismissed, 300 So.2d 900 (Fla. 1974).
AS TO QUESTION 2:
Section 112.061(1)(a), F. S., states that it is the Legislature's intent that the travel expenses and per diem of all public officers, employees, or authorized persons (as defined in s.112.061[2][e], F. S.) whose travel expenses are paid by a public agency are subject to, and controlled by, the rates and limitations set forth in s. 112.061, F. S., as amended, unless expressly and specifically exempted by general law or by the provisions of special or local law. As defined in s.112.061(2)(a), it is clear that the Lake Worth Utilities Authority is an `agency or public agency' within the purview of and for the purposes of s. 112.061, as amended. Neither s. 112.061 nor Ch. 69-1215, Laws of Florida, contains an exception for the officers and employees of the utilities authority. Section 2(4) of Ch. 69-1215 merely provides that `[e]ach member shall serve without salary. Members may be reimbursed for travel expenses and other expenses incurred in carrying out their duties.' The provisions of the special act are not inconsistent with or in conflict with the terms of s. 112.061. Thus the officers and employees of the utilities authority are subject to, and their travel expenses and per diem allowances controlled by, the rates and limitations set forth in s. 112.061, as amended. The travel expenses of all travelers are limited to those expenses incurred by them in the performance of a public purpose authorized by law to be performed by the agency. Section 112.061(3)(b). Moreover, all travel must be authorized and approved by the head of the agency or his designated representative from whose funds the traveler is to be paid, s. 112.061(3).
This office in AGO 074-18 concluded that a municipality may in the exercise of its municipal home rule powers enact per diem and travel allowances which vary from s. 112.061, F. S. However, as discussed in question 1, the utilities authority is not a municipality and is not vested with any home rule powers, but is merely an independent agency of the municipality. The enabling statute does not purport to grant it any home rule powers or general legislative powers, and it is limited to those powers which are expressly or by necessary implication granted by Ch. 69-1215. While the special act creating the utilities authority authorizes the utilities authority to exercise those powers generally held by the city to construct, acquire, expand, and operate the utilities, such legislatively delegated powers, which should be narrowly construed, do not expressly authorize the authority to enact legislative regulations for per diem and travel allowances which vary from or conflict with the provisions of s.112.061, nor is such a power necessarily implied in my opinion in order for the utilities authority to carry out its prescribed function. Accordingly, I am of the opinion that in the absence of a provision in Ch. 69-1215, Laws of Florida, as amended, to the contrary, the employees and officers of the utilities authority are subject to, and their travel expenses and per diem allowances controlled by, the rates and limitations set forth in the uniform travel expense law, and the utilities authority may not enact legislative regulations for per diem and travel expenses which vary from or conflict with the provisions of s. 112.061.
Prepared by:
Joslyn Wilson Assistant Attorney General