The Honorable David H. Pingree Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32301
Dear Secretary Pingree:
This is in response to your request for an opinion on substantially the following question:
 MUST TITLE TO ALL TANGIBLE PERSONAL PROPERTY, WHICH COSTS OVER $100 AND WHICH IS PURCHASED WITH STATE FUNDS, BE VESTED IN THE STATE; SPECIFICALLY, MUST WHEELCHAIRS PURCHASED FROM APPROPRIATED FUNDS BE IDENTIFIED AND INCLUDED IN THE PROPERTY CUSTODIAN'S PROPERTY RECORDS AND INVENTORY REQUIRED TO BE KEPT AND MAINTAINED BY s 273.02, F.S.?
Your inquiry notes that the Department of Health and Rehabilitative Services has a practice of buying medical equipment for its clients when this equipment is needed as a part of the client's rehabilitation program. This practice often results in the department purchasing a wheelchair which is custom-built to meet the needs of a particular individual. Because the equipment is tailored to meet the client's needs and is a part of his rehabilitation program the department has adopted HRS Regulation No. 75-6, which vests title to the wheelchair in the client for as long as the client uses it as intended.
However, your letter of inquiry also notes that a recent audit of the Sunland Center of Tallahassee by the Office of the Auditor General contained the following finding:
 "During the audit period wheelchair purchases of $38,000 were not recorded in the property records. The basis provided by Center personnel for this exclusion was Department of Health and Rehabilitative Services Regulation 75-6 which states that `Individual client equipment will not be recorded as Department property, unless the original client no longer needs the equipment and returns it to the Department.' Chapters 273, Florida Statutes, and 10.300, Rules of the Auditor General, do not provide for the exclusion of items from property records which were purchased with State funds. There is a twofold effect of not including wheelchairs in the property records: (1) fixed assets are understated, and (2) accountability over wheelchairs is not maintained. We recommend that all wheelchairs purchased from appropriated funds be included in the Center's property records." (e.s.)
 Supplemental information furnished us by your office urges that it is contrary to the intent of Ch. 393, F.S., to require that your agency provide rehabilitative services yet be unable to provide the equipment which can make habilitation and normalization a reality. You also urge that accountability over these items of property can be maintained by way of a client's record as opposed to a property list. The difficulty with this position is that neither the terms of Ch. 273 nor Ch. 393 provide for such a procedure. It is the province of the Legislature to determine in what particular manner the State's personal property is to be controlled and accounted for and authority or direction to proceed in a particular way implies a duty not to proceed in any manner other than that which is authorized. When the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); White v. Crandon, 156 So. 303 (Fla. 1934); State ex rel. Reno v. Barquet, 358 So.2d 230 (3 D.C.A.Fla., 1978).
 You cite provisions of Ch. 393, F.S., specifically ss 393.063(14) and (17), 393.065(2), and 393.13(2)(a) as support for your position that your department is authorized to provide wheelchairs to individual clients without the necessity of including them in departmental property records required to be maintained by Chapter 273, F.S., and for your position that transfer of title in the wheelchairs to particular clients is authorized.
 For the following reasons, it is my opinion that wheelchairs purchased from appropriated funds, and in the possession of and used by clients, should be duly marked or identified and included in departmental property records and inventories compiled pursuant to and as required by the terms of s 273.02, F.S., and further that the title to such wheelchairs should be vested in and remain in the State and should not be transferred to or vested in individuals or clients of the department.
 Chapter 273, F.S., regulates the control and disposition of state-owned tangible personal property; s 273.02, F.S., defines "property" as used in that section as "equipment, fixtures, and other tangible personal property of a nonconsumable and nonexpendable nature, the value or cost of which is $100 or more and the normal expected life of which is 1 year or more, and hardback-covered bound books, the value or cost of which is $25 or more." See also, s 273.01(2), defining "property" as "all tangible personal property owned by the state," and s 273.01(1) defining "custodian" as "any elected or appointed state officer, board, commission, or authority, and any other person or agency entitled to lawful custody of property owned by the state."
Section 273.02, F.S., further provides:
 Each item of property which it is practicable to identify by marking shall be marked in the manner required by the Auditor General. Each custodian shall maintain an adequate record of property in his custody, which record shall contain such information as shall be required by the Auditor General. Once each year, on July 1, or as soon thereafter as is practicable, and whenever there is a change of custodian, each custodian shall take an inventory of property in his custody. The inventory shall be compared with the property record, and all discrepancies shall be traced and reconciled. . . . (e.s.)
Note also, s 273.03, which provides that the "custodian shall be primarily responsible for the supervision and control of the property in his custody but may delegate its use and immediate control to a person under his supervision and may require custody receipts."
Section 273.09, F.S., provides criminal penalties for those custodians of such property who violate the provisions of Ch. 273 or rules adopted pursuant to its authority. Chapters 10.300, Rules of the Auditor General, enacted pursuant to Ch. 273, reiterate in Rule 10.310 that Ch. 273 regulates the acquisition, supervision, accountability, control, transfer and disposal of all tangible personal property owned by the State. See also, Rule 10.310(3)(a)-(i) which contain the same requirements as s 273.02, concerning property records and inventory requirements. I find no provision of Ch. 393 or the Rules of the Auditor General which excepts the department or the medical equipment in question from the operation or requirements of Ch. 273.
In my opinion, no provision of Ch. 393, F.S., or Ch. 273, F.S., allows or authorizes your department to vest title to medical equipment purchased with State funds, such as wheelchairs, in particular clients who use or are assigned such equipment, nor does any provision of Ch. 393 exempt your department or any "rehabilitation equipment" from the Ch. 273 requirement that state-owned tangible personal property in the custody of your department be properly marked or identified and included in the property records and inventories required to be kept and maintained by the terms of s 273.02, F.S. I am mindful of the goals of "habilitation" and the "normalization principle" as those concepts are defined and used in Ch. 393, but no provision of or language in those provisions specifically cited, ss 393.063(14) and (17), 393.065(2) and 393.13(2)(a), authorizes the expenditure of State appropriations to purchase wheelchairs for individuals or clients of the department's habilitation plans or programs and the transfer or vesting of title to such equipment to or in such individuals or clients. To perform any function for the State or to expend any moneys of the State, the agency or officer seeking to perform such function or to incur such obligation against the moneys of the State must find and point to a constitutional or statutory provision so authorizing it or him to do. Florida Development Commission v. Dickinson, 229 So.2d 6 (1 D.C.A.Fla., 1969), cert. den., 237 So.2d 530 (Fla. 1970); AGO's 71-28, 78-101; s 216.321, F.S.; cf., State v. Green, 116 So. 66 (Fla. 1928); Davis v. Keen, 192 So. 200 (Fla. 1939). Generally see, 81A C.J.S. States ss 226, 241.
In summary, it is my opinion, in view of Ch. 273, F.S., pertinent rules of the Auditor General, Ch. 10.300, and Ch. 393, F.S., that title to all state-owned tangible personal property that comes within the provisions of Ch. 273 must be vested in the state except as exempted by law, and that wheelchairs purchased from appropriated funds must be properly marked or identified and included in the property records and inventories required to be kept and maintained by the terms of s 273.02, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General