Fulo, J.
The appellants, although granted the complete immunity provided for by section 2447 of the Penal Law, refused to testify before a Kings County Grand Jury and were adjudged guilty of criminal contempt (Judiciary Law, § 750, subd. A, par. 3). The Appellate Division unanimously affirmed, and this court granted leave to consider, primarily, two grounds urged by the appellants for reversal, namely, (1) that the testimony sought from them was not relevant to the inquiry being conducted by the grand jury and (2) that they were denied due process at the hearing accorded them.
It has long been the rule in New York that “ there can be no punishment for contempt for * * * [refusing to testify before the grand jury] unless the court is shown that the evidence demanded may be relevant and proper”. (Matter of Spector v. Allen, 281 N. Y. 251, 258; see Matter of Manning v. Valente, 272 App. Div. 358, affd. 297 N. Y. 681; People v. Doe [Byk], 247 App. Div. 324, affd. 272 N. Y. 473; Matter of Greenleaf v. Goldstein, 176 Misc. 566, affd. 266 App. Div. 658, affd. 291 N. Y. 690.) However, although the court must be apprised of " the nature of the evidence demanded and of its relation to the subject of the investigation” (Matter of Spector v. Allen, 281 N. Y. 251, 258, supra), the relevancy of the questions need not be conclusively established. It is enough if the “bearing [of the questions] on the subject of the investigation was susceptible of intelligent estimate ” (Matter of Spector v. Allen, 281 N. Y. 251, 258, supra) or if there was a " justifiable suspicion that the former is related to the latter.” (People v. Doe [Byk], 247 App. Div. 324, 326, affd. 272 N. Y. 473, supra.)
Applying this test to the record before us, we find no basis for countenancing appellants’ refusals to answer the questions put to them. The grand jury was, and still is, seeking to determine whether criminals have infiltrated into legitimate businesses in Kings County and are now using them as covers for further illicit activities. Far from being summoned “ in a spirit of meddlesome inquiry ” (Hale v. Henkel, 201 U. S. 43, 63), the appellants were subpoenaed to testify because, according to the district attorney, they are all associated, either directly or through each other, with two Kings County corporations that are *151 among the enterprises under investigation. The relevancy of the testimony sought from these witnesses is, therefore, clearly “susceptible of intelligent estimate”.
The appellants complain that they were subjected to “ summary” treatment at trial, depriving them of due process by denying them an adequate opportunity to contest the propriety of the questions. However — putting to one side the question whether the court could have acted summarily (see People ex rel. Hackley v. Kelly, 24 N. Y. 74, 79-80)—the record establishes that the proceedings below were neither ‘ ‘ summary ’ ’ nor lacking in “ due process ”. (See People ex rel. Cirillo v. Warden, 11 N Y 2d 51, 53.)
Section 751 of the Judiciary Law provides that, in other than summary proceedings, ‘ ‘ the party charged [with contempt] must be notified of the accusation, and have a reasonable time to make a defense.” Here, the appellants were afforded ample notice of the proceedings; they were represented by counsel, apprised of the relationship between their testimony and the purposes of the grand jury inquiry and given every opportunity to explain their contumacious behavior. Moreover, each lawyer was supplied with the grand jury minutes covering the appearance of his client and given permission to submit a brief after the proceedings were adjourned. Six weeks later, when the trial judge had given full and thorough consideration to the appellants’ contentions, they were afforded additional opportunities to justify their silence or to purge themselves of contempt. At no time did they offer any evidence to support the charge that the district attorney was acting in bad faith. In short, the appellants were accorded every procedural safeguard to which they were constitutionally entitled. (See Matter of Ushkowitz v. Helfand, 15 N Y 2d 713; People ex rel. Cirillo v. Warden, 11 N Y 2d 51, supra; see, also, Murphy v. Waterfront Comm., 378 U. S. 52.)
The recent case of Harris v. United States (382 U. S. 162), upon which the appellants rely, is not in point. There, a recalcitrant witness before a Federal grand jury was summarily convicted of contempt. The Supreme Court reversed in order to permit virtually the same sort of hearing held in the present case (382 U. S., at pp. 165-167; see Fed. Rules of Crim. Pro., rule 42 [b]).
*152 We have considered the other arguments advanced by the petitioners and conclude that they too are without merit.
The orders of the Appellate Division should be affirmed, without costs.
Chief Judge Desmond and Judges Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
Orders affirmed.