WHITE, JOSEPH S., Associate Judge.
Appellant challenges an order of the circuit court adjudging him guilty of contempt of court and sentencing him to the county jail for six months because of his failure to answer questions asked him as a witness before the grand jury.
The first point argued in support of his challenge is that appellant could not be held in contempt until he had disobeyed a formal court order compelling the witness to testify.
It is frequently stated that an unjustified refusal to testify before a grand jury may constitute contempt. On the other hand it is held that mere refusal to answer questions before a grand jury does not constitute contempt and that a person is entitled to persist in his refusal to answer until the court, of which the grand jury is an appendage, orders the witness to answer. 17 Am.Jur.2d, Contempt, § 30. Cf. Clein v. State, Fla.1951, 52 So.2d 117; Brizzie v. State, Fla.App.1960, 120 So.2d 27; Martin v. State, Fla.App.1967, 194 So.2d 8; Harris v. United States, 1965, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240; Koota v. Colombo, 1966, 17 N.Y.2d 147, 269 N.Y.S.2d 393, 216 N.E.2d 568 (cert. denied, 384 U.S. 1001, 86 S.Ct. 1923, 16 L.Ed.2d 1015).
Some of the cases, especially those in the federal courts, are controlled by special rules of procedure. Such a rule became effective in Florida December 31, 1967. See 33 F.S.A. Section 1.840, F.R.Cr.P.
In Clien v. State, supra, it was decided that a witness was in contempt for willful refusal to answer relevant questions put to him before a grand jury. Such conduct was said to fall in the category of acts “calculated to embarrass, hinder, or obstruct courts in the administration of justice * * * »
In the case at bar a rule to show cause why appellant should not be held in contempt was served upon him after his refusal to answer before the grand jury. Upon his appearance before the court, with his counsel, in response to the rule, a transcript of the proceedings before the grand jury was read. It was thus disclosed that when appellant presented himself before the grand jury he was informed that the grand jury was investigating gambling activities in the county. The state attorney read to him F.S. section 932.29, F.S.A.1965, the effect of which was to assure the witness immunity against prosecution on account of his testimony.
It was shown further that a large number of questions were propounded to the witness before the grand jury, but he refused to answer any of them.
The burden of proving facts, by a preponderance of the evidence, which would excuse his failure to answer is upon the witness. Martin v. State, supra. If at that point the witness thus demonstrates a genuine and bona fide fear of self-incrimination the court should rule upon his objection to answer and, upon ruling against him, give the witness an opportunity to *632 purge himself. However, in response to the rule in the case at bar the witness made no effort to establish that he had a genuine fear of self-incrimination, notwithstanding the statute, or that the statute did not afford him full protection in regard to any question thus put to him in the grand jury room. The record indicates that the witness had no intention to answer, regardless of the protecting grace of the statute, and that an order sending him back before the grand jury would have been a futility. In such a case the order now challenged was warranted.
The next point which will be discussed is appellant’s contention that the grand jury was illegally impaneled when “by-standers” were summoned to make up a deficiency in the original venire.
It appears from the record that the subpoena requiring appellant’s presence before the grand jury was returnable March 23, 1966, and on that date appellant and his counsel appeared before the court with a motion to quash the subpoena. The motion was heard by the court and denied. Appellant immediately filed in the circuit court a “notice of appeal”, but there was no stay of the subpoena. The grand jury was impaneled that same day and a second subpoena was served upon appellant requiring his appearance before the grand jury “instanter”. He appeared and the episode in question occurred.
Ultimately the propriety of the order denying the motion to quash the subpoena was heard by this court on petition for writ of certiorari. The validity of the subpoena was upheld both by this court and the Supreme Court of Florida. See State ex rel. Martin v. Michell, Fla.App. 1966, 188 So.2d 684, and Martin v. State, Fla.1966, 192 So.2d 281.
The decision of this court upholding the validity of the subpoena is now the law of this case.
F.S. Section 40.40(2), F.S.A.1965, provides : “If at any time sufficient qualified persons are found not available to serve as jurors, additional venires may issue for additional persons and any jury, including a grand jury, may be impaneled and organized from such persons as are available.” (Emphasis added.)
F.S. Section 40.42, F.S.A.1965, provides: “ * * * When the venire is exhausted and when the names in the jury box become exhausted during a term of court, then the court may direct the sheriff to summon from the body of the county a sufficient number of qualified jurors to complete the panel.”
 The record now before this court does not disclose whether or not the jury box was exhausted when the court issued the venire for “by-standers”. The proceedings come to this court clothed with a presumption of correctness. Irregularity is not presumed. It must be shown. In the absence of definite showing to the contrary the appellate court may not presume that a grand jury has been improperly impaneled. It follows that appellant’s contention that the grand jury in question was illegally impaneled has not been established.
Appellant also argues that while appearing as a witness before the grand jury he was entitled to consult with his attorney in regard to questions asked him, notwithstanding the fact that the statute granted him immunity from prosecution in regard to such questions. He says: “We do not mean to imply that he has the right to have his counsel present in the Grand Jury room; nevertheless, the accepted practice is to permit the witness to consult with his attorney who may be present outside the Grand Jury room.” He argues that the witness must be afforded an opportunity “to step outside the grand jury room for such consultations” whenever he chooses.
There is respected authority for the proposition that such is not yet the practice in Florida. See State ex rel. Lowe v. Nelson, Fla.App.1967, 202 So.2d 232.
*633 It takes but little imagination to realize that when such a procedure does become the “accepted practice” grand jury investigations will be impeded and hindered to the point that they will be reduced to a mockery and an object of ridicule.
It will be remembered in this connection that both the witness and his attorney were aware that the motion to quash the subpoena had been denied and the witness’ appearance before the grand jury was imminent. They then had ample opportunity to confer had they desired.
It follows that this contention, likewise, must be rejected.
Other assignments of error mentioned in appellant’s brief have been considered and found to be of insufficient merit to require further comment.
Affirmed.
CROSS, J., concurs.
WALDEN, C. J., dissents without opinion.