PER CURIAM.
Appellant has appealed an order dismissing with leave to amend his complaint seeking a judicial declaration of his rights as County Judge of St. Johns County.
By his complaint appellant alleges that the offices and court facilities allotted to him and set aside for his use by defendant Board of County Commissioners in the new courthouse acquired and reconstructed under their supervision and direction are unsafe, inadequate, and unsuitable for his use and that of the general public. He *491 prays for a judgment mandatorily enjoining the defendant Board to furnish and equip for his official use office and courtroom facilities which are suitable, safe, and adequate for the performance of his duties as County Judge.
In the order appealed the trial court held:
“The Court is of the opinion that the Amended Complaint in this case is insufficient as a matter of law, regardless of the fact that the allegations therein contained are considered as true, upon the Motion to Dismiss for the primary reason that the Plaintiff seeks to have this Court review and substitute its judgment for that of an administrative agency, namely, the County Commissioners, acting within the authority given the County Commissioners by statute. The law in Florida is clear and explicit to the effect that the Court cannot and should not, in the absence of a clear showing of fraud or abuse of discretion, interfere with the discretionary actions of an administrative agency.”
Appellant strenuously contends that his complaint alleges facts sufficient in point of law to entitle him to a judicial declaration of his rights, status, and privileges as County Judge, and that the trial court erred in dismissing his complaint. Even if he be correct in this regard, a point we deem unnecessary to decide, the six-page order appealed herein succinctly summarizes the issues raised by the complaint, states the reasons why the court was of the view that upon the facts alleged appellant is not entitled to the relief prayed, and sets forth the principles of law on which the court relied in reaching its judgment in the premises. Such order' is sufficient in both form and substance to constitute a declaratory judgment disposing of the issues raised by the complaint adverse to appellant’s contentions, and it should not be set aside merely because its primary and stated purpose was to dismiss the complaint for failure to state grounds sufficient to justify granting the relief prayed.
It is our view that the trial court was eminently correct in the conclusions reached upon which its order is predicated. The order is accordingly affirmed and this interlocutory appeal dismissed. See F.S. Section 125.01, F.S.A.; State ex rel. Wilcox v. T. O. La., Inc. (Fla.App.1968), 206 So.2d 69; Broward County Rubbish Con. Assn. v. Broward County (Fla.App.1959), 112 So.2d 898, 903; Davis v. Keen, 140 Fla. 764, 192 So. 200; 8 Fla.Jur., 190, Counties, §43.
WIGGINTON, C. J., and CARROLL, DONALD K., and RAWLS, JJ., concur.