UNITED STATES of America ex rel.
Marvin ZEVIN on behalf of Paul
Vario, Sr., Petitioner,

v.

Arthur E. KREUGER, as Warden of the
Nassau County Jail, Respondent.

No. 69–C–666.

United States District Court
E. D. New York.

July 24, 1969.

Bracken & Sutter, Mineola, N. Y., for petitioner, Marvin Zevin, Mineola, N. Y., of counsel.

William Cahn, Dist. Atty., Nassau County, Mineola, N. Y., for respondent, Jules E. Orenstein, Asst. Dist. Atty., of counsel.

## MEMORANDUM AND ORDER

JUDD, District Judge.

This petition for a writ of habeas corpus is submitted on behalf of Paul Vario, Sr. Vario challenges a judgment of commitment to thirty days imprisonment imposed by the Nassau County Court on May 23, 1969.

Vario first appeared before a Nassau County Grand Jury on January 24, 1969. After he refused to answer questions on self-incrimination grounds, he was granted immunity from prosecution. He persisted in refusing to answer and subsequently was ordered to appear before a Nassau County Court Judge. At this hearing, held on March 4, 1969, the County Judge repeated the questions propounded before the Grand Jury and asked Vario if he would now answer. He continued to refuse.

The minutes of this hearing disclose the following opening statements made by the Court:

"THE COURT: * * * Let the record show that I have had access to the minutes of the hearing of the Grand Jury session on January 24th, 1969, in which Mr. Paul Vario, Sr. appeared (indicating). I have from my reading of these, as well as from the investigation that was given to me,

determined that this is a legitimate Grand Jury matter; that the questions that were put to this witness were relevant to the hearing; that this witness was given complete immunity by the Foreman of this Grand Jury; and that he was advised of the nature and scope of the investigation of the Grand Jury."

After the questions were asked and answers declined, the following colloquy occurred:

"MR. SUTTER: If your Honor please, I might make an inquiry of the Court. Your Honor mentioned that in finding these questions to be relevant to the inquiry that you had reviewed the questions, a transcript of them, and you based it partially on an investigation that was given to you. And I was wondering: Is that going to be made part of the record of these proceedings?

THE COURT: No.

MR. SUTTER: And may I have access to that at any time?

THE COURT: No. I have been satisfied. Under the law, as I read it, that is as much as is necessary."

The court gave Vario several days to consider whether he wished to change his mind. His refusal continued and, on March 7, 1969, he was found to be in criminal contempt of court and sentenced to thirty days in the Nassau County Jail. A petition for habeas corpus, treated as a proceeding pursuant to CPLR Article 78 under Section 752 of the Judiciary Law, McKinney's Consol. Laws, c. 30, was brought in the Supreme Court, Nassau County. That court referred the petition to the Appellate Division, Second Department, which unanimously confirmed the order of commitment on April 28, stating:

"We find that petitioner raised no competent question of fact or law on his assertion that the order of the County Court was predicated upon matters appearing dehors the record. Examination of the proceedings and of the order itself indicates that only the contumacious failure of the petitioner to respond to the questions propounded to him before the Grand Jury served as the basis of his punishment for contempt. The failure to respond to these interrogatories properly served as the foundation for his commitment. (Matter of Koota v. Colombo, 17 N.Y.2d 147, 269 N.Y.S.2d 393, 216 N.E.2d 568)." People ex rel. Vario v. Kreuger, App.Div., 300 N.Y.S.2d 655, May 2, 1969.

A motion for leave to appeal to the Court of Appeals was denied on June 5, 1969.

Vario was again ordered to appear before the Grand Jury on May 9, 1969, when he persisted in his refusal to answer any questions. He appeared before the same County Judge, who again found him to be in contempt of court and, on May 23, 1969, sentenced him to a second thirty day's confinement. No reference to the investigation mentioned at the prior hearing was made by either the Judge or Vario's counsel. While the formal order did not say so, the Judge stated on the record that Vario could purge himself by indicating that he was willing to answer the questions.

A petition for a writ of habeas corpus was denied by the Supreme Court, Nassau County, on June 11, 1969. That Court relied upon and agreed with the prior determination of the Appellate Division that there was no merit to the claim of reliance by the County Judge on matters not in the record. Also rejected was the claim that he was sentenced twice for refusal to answer the same questions concerning the same investigation in violation of what he asserted is the rule announced in Yates v. United States, 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957). Whether an appeal from this decision is pending is not stated.

This proceeding was commenced by an order to show cause, signed on June 13, and returnable on June 18. Decision was reserved after oral argument. It appears that Vario completed his term

on or about June 21 and has been released.

The petition raises only the ground that the County Court's reliance on an investigation not made available to Vario denied him the fair hearing required by the due process clause. During oral argument, counsel also contended that the questions which Vario refused to answer on May 9 and 23 were so similar to those propounded on March 4 that he received multiple punishment for the same offense. Before reaching these issues, the questions of mootness and exhaustion of state remedies must be examined.

■ Since the petition was filed while Vario was in state custody, the petition is not moot insofar as it relates to the May 23rd commitment. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), overruling Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L. Ed.2d 963 (1960). Nevertheless, the Supreme Court held in *Carafas* that the federal habeas corpus statute requires that the petitioner be "in custody" when the application is filed. 391 U.S. at 238, 88 S.Ct. 1556. This means that the March 4th commitment is not subject to review in this proceeding; but the unfair hearing claim may still be considered in this proceeding, because the events giving rise to the claim are interrelated with the subsequent incarceration in May.

It is apparent that Vario has exhausted available state remedies in contesting the fairness of the hearing. It would be senseless to require him to raise again the same facts and points of law which have been rejected by New York's appellate courts. It is not so clear that the claim of multiple punishment, not available during these appeals, has been exhausted. Appeal from the Nassau County Supreme Court's denial of a writ of habeas corpus may be pending or available. Absent briefs from the parties, this court will assume without deciding that available state remedies have been exhausted. Since the merits of the fairness of the hearing must be reached, the entire application may be disposed of.

■ The undisclosed "investigation" given to the County Judge was used by him only to determine whether the questions related to a "legitimate Grand Jury matter." Counsel has not cited, and a search by the court has failed to disclose, any cases which hold that the scope of inquiry by a grand jury is subject to constitutional limitations. Rather, the authorities are uniform that a witness cannot control the scope of a grand jury investigation or challenge the relevancy of questions asked. United States ex rel. Rosado v. Flood, 394 F.2d 139, 141 (2d Cir. 1968); Marcus v. United States, 310 F.2d 143, 147 n. 2 (10th Cir. 1962), cert. den. 372 U.S. 944, 83 S.Ct. 933, 9 L.Ed.2d 969 (1963); United States v. McLeod, 229 F.2d 383 (S.D.Ala.1964). Even though the law in New York may require its courts to determine that the questions are relevant to the scope of the grand jury investigation (see Matter of Koota v. Colombo, 17 N.Y.2d 147, 269 N.Y.S.2d 393, 216 N.E.2d 568 [1966]), this rule is not of constitutional proportions. Due process of law was therefore not violated by the County Judge's *ex parte* receipt of information on the question of relevancy. In fact, the hearing would have satisfied the requirements of F.R.Cr.P. Rule 42. Harris v. United States, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965).

■ Vario's claim that he has been subject to multiple punishments also must fail. Assuming the applicability of the *Yates* decision (which we do not determine), most of the questions which he refused to answer on May 23rd were quite different from those propounded on March 4th. The only over-all similarity in the questions is that they all seem to pertain to the criminal activities of the Mafia and to illegal gambling.

■ A witness before the grand jury cannot be absolved from his duty to give testimony merely by undergoing a single contempt commitment. The duty is a continuing one and can be enforced consistent with due process by confinement until the contemnor purges himself, or

**1126**

until the term of the grand jury expires. Shillitani v. United States, 384 U.S. 364, 370–371, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966). Recalcitrant witnesses "carry the keys of their prison in their own pockets," as was stated by Judge Sanborn more than a half-century ago. In re Nevitt, 117 F. 448, 461 (C.C.A. 8th 1902).

It is ordered that the petition be denied.