QUESTIONS: 1. Should the board of county commissioners equip and maintain the offices of the county tax collector fee officer? 2. May the board of county commissioners charge rent to the tax collector fee officer for the use of county office facilities? 3. May a tax collector fee officer, under a budget item, rent office facilities or establish branch offices? 4. May the board of county commissioners furnish legal services to the tax collector fee officer without charge, or can the board charge for such services?
SUMMARY: As to tax collector fee officers in noncharter counties, the board of county commissioners is without statutory authority to expend any part of the excess fees of the office of county tax collector or any county funds under its control for the purpose of equipping and maintaining the offices of a tax collector fee officer, and it possesses no statutory authority, and is not charged with any statutory responsibility or duty, to equip and maintain the office of a tax collector fee officer. Rather, the annual budget established by tax collector fee officers should provide for all items of expense including operating capital outlays or equipment. The board of county commissioners is without statutory authority to charge rent to a county tax collector fee officer for the use of county buildings or office facilities for his principal office in the county seat in the absence of special law otherwise providing. Branch offices in Brevard County for the conduct of county business, including that of the tax collector, may be established only by the Board of County Commissioners of Brevard County pursuant to Ch. 30596, 1955, Laws of Florida, and Ch. 59-1118, Laws of Florida, and the Tax Collector of Brevard County is without authority to establish same, including leasing or renting office facilities for branch offices outside the county seat. The Board of County Commissioners of Brevard County is under a duty to provide office space within the county seat to the county tax collector without charge, but the board's determination of the allocation of county office space to county officers controls in the absence of fraud or a clear abuse of discretion. The board of county commissioners may provide legal services to the tax collector fee officer without charge if the board determines that such action serves a county purpose and is beneficial to the county. The tax collector fee officer may employ counsel if it becomes necessary to engage an attorney to bring or defend actions or proceedings in carrying out his statutory duties or functions and to compensate such attorney as a necessary expense of operating his office. The board of county commissioners is without statutory authority to charge a tax collector fee officer for any legal services furnished such fee officer by the board. AS TO QUESTION 1: My response is confined to tax collector fee officers in noncharter counties. It is my understanding that these questions arise due to the repeal of s. 145.12(3), F. S. 1971, by Ch. 73-349, Laws of Florida. Section 145.12(3) provided that: On or before the date for filing the annual report, each county officer shall pay into the county general fund all money in excess of the sum to which he is entitled as annual salary under the provisions of this chapter. The board of county commissioners shall expend such of the excess fees as necessary for the purpose of equipping and maintaining the offices of the county fee officers. (Emphasis supplied.) For the services of collecting their taxes and licenses, each taxing authority or agency pays a statutorily prescribed commission or fee to the tax collector which is used to fund the operation of the office. See s. 192.091, F. S. At the end of the calendar year (for fee officers) pursuant to former s. 145.12(3), supra, any money in excess of the tax collector's annual salary (and official operating expenses) was paid into the county general fund, but the board of county commissioners was required to expend so much of such excess fees as necessary for the purpose of equipping and maintaining the office of the tax collector. Subsequently, s. 145.12, supra, was repealed by Ch. 73-349, Laws of Florida, and the italicized portion of former s. 145.12(3) delineated above was not reenacted by Ch. 73-349 (Part III, Ch. 218, F. S.), nor by Ch. 145, F. S. 1973. Section 218.36(2), F. S., provides, in pertinent part: Whenever a tax collector has money in excess, he shall distribute the excess to each governmental unit in the same proportion as the fees paid by the governmental unit bear to the total fee income of his office. . . . See AGO 074-71. Moreover, pursuant to s. 218.35, F. S., the tax collector fee officer is responsible for establishing the budget of his office and for establishing a fiscal year beginning October 1 and ending September 30 of the following year and reporting his finances annually upon the close of the fiscal year. That section provides, inter alia: (1) Each county fee officer shall establish an annual budget for his office which shall clearly reflect the revenues available to said office and the functions for which money is to be expended. . . . * * * * * (3) Each county fee officer shall make provision for establishing a fiscal year beginning October 1 and ending September 30 of the following year, and shall report his finances annually upon the close of each fiscal year to the county fiscal officer for inclusion in the annual financial report by the county. (Emphasis supplied.) Furthermore, the tax collector fee officer's budget for the operation of his office for the ensuing fiscal year is required to be submitted to the Department of Revenue by August 1 of each year for review and approval pursuant to s. 195.087(2), F. S., and, after final approval thereof, no reduction or increase thereof is permitted by any board or commission without the approval of the Department of Revenue. Specifically, I find no statutory duty or other authority imposing on the county commissioners the duty to equip and maintain the office of a tax collector fee officer. Rather, such tax collector is responsible for his own budget to be funded by the fees and commissions paid to his office by the several governmental agencies for whom he collects taxes and licenses. It is fundamental that the powers and duties of county commissioners are purely statutory, and county commissioners have only such authority and duties as are conferred or prescribed by the Constitution or statutes; and, when there are any doubts as to the existence of authority, it should not be assumed. Hopkins v. Special Road Bridge Dist. No. 4, 74 So. 310 (Fla. 1917); State v. Ausley, 156 So. 909 (Fla. 1934); State v. Culbreath,174 So.2d 422 (Fla. 1937); Gessner v. Del-Air Corporation, 17 So.2d 522
(Fla. 1944). Section 145.12(3), F. S., having been repealed and the above-italicized portion of that statute not having been reenacted, the county commission is without authority to use or expend any portion of the excess fees of the office of tax collector or any county funds under the control and jurisdiction of the county commission for the purpose of equipping and maintaining the office of the county tax collector fee officer. It necessarily follows that the county commission possesses no statutory authority to expend county funds for such purposes, nor is it charged by law with any responsibility to do so. Gessner, supra, at p. 523; cf. AGO 071-28. Therefore, in the premises aforestated, I am of the opinion that the annual budget established and submitted by the tax collector fee officer should contain all items of expenditure, including operating capital outlay and equipment, and that the board of county commissioners is without statutory authority to expend funds for the purpose of equipping and maintaining the office of the county tax collector fee officer and that it possesses no statutory authority, and is not charged with any statutory responsibility or duty, to equip and maintain the office of a county tax collector fee officer. It should be noted, however, that any equipment so purchased is the property of the county. Attorney General Opinion 060-18 and Ch. 274, F. S. Accordingly, your first question as stated is answered in the negative. AS TO QUESTION 2: You inquire in your second question whether the board of county commissioners may charge rent to a tax collector fee officer for the use of county buildings or office facilities. Section 1, Art. VIII, State Const., provides: (k) COUNTY SEAT. In every county there shall be a county seat at which shall be located the principal offices and permanent records of all county officers. . . . County officers are those named in s. 1(d), Art. VIII, State Const., which include the tax collector. Section 125.01, F. S., provides that counties are authorized and empowered to: (1)(c) Provide and maintain county buildings. * * * * * (3)(a) . . . [P]urchase or lease and sell or exchange real or personal property. Inasmuch as there is a constitutionally mandated requirement that there be a county seat where the principal offices of county officers, including those of tax collectors, are to be located and maintained and s. 125.01(1)(c) and (3)(a), F. S., authorizes the county to lease property for the county and for county purposes and not to lease or rent county property to the county officers or to others — except as provided in ss. 125.35 and 125.38, F. S. — I have the view that the county is under a duty to provide office space within the county seat at no charge to the county officers designated in s. 1(d), Art. VIII, supra. Cf. AGO's 071-275 and 073-99 and 20 C.J.S. Counties ss. 82, 170. Additionally, since there is no general law empowering the county commission to rent county buildings or office facilities to the county constitutional officers, and since counties have only such powers as are expressly conferred or necessarily implied from a grant of power — Hopkins, supra, at p. 311, and Gessner, supra, at pp. 522, 523 — I therefore conclude that no authority exists to charge rent to the county tax collector fee officer for the use of countyowned buildings or office facilities for his principal office in the county seat in the absence of a special law otherwise providing. See also, AGO 055-101, wherein one of my predecessors in office noted that "[o]rdinarily, it is the duty of the board of county commissioners to furnish quarters for county officers." (Emphasis supplied.) This conclusion is limited to only the issue of rental of county buildings or office facilities to the tax collector as his county office in the county seat and is not concerned with the particular allocation of such county office facilities to county officers, including tax collectors. See Mathis v. Lovett, 215 So.2d 490 (1 D.C.A. Fla., 1968); State v. T.O.L., Inc., 206 So.2d 69 (4 D.C.A. Fla., 1968); Broward County Rubbish Con. Ass'n v. Broward County, 112 So.2d 898 (2 D.C.A. Fla., 1959), and AGO's 071-275 and 064-63. In Mathis v. Lovett, supra, at p. 491, the court held that in determining the proper allocation of county facilities to county officers, to wit, the assignment to a particular room or area by the board of county commissioners, it "cannot and should not, in the absence of a clear showing of fraud or abuse of discretion, interfere with the discretionary actions of an administrative agency." Your second question is therefore answered in the negative. AS TO QUESTION 3: Your third question asks whether the tax collector may, under a budget item, establish branch offices or rent office facilities. Section 1(k), Art. VIII, State Const., provides that branch offices for the conduct of county business may be established outside the county seat by resolution of the governing body of the county in the manner prescribed by law. As to the establishment of county branch offices in Brevard County, Ch. 30596, 1955, Laws of Florida, provides that: 1. The board of county commissioners of Brevard County is authorized . . . to acquire, equip and maintain auxiliary offices outside the county seat and particularly within the cities of Cocoa and Melbourne, for use and occupancy by any of the officers or their authorized agents of Brevard county as the board of county commissioners determines to be necessary in the performance of their respective duties and functions. These offices may be acquired by leasing all or any part of any suitable buildings, provided that no such lease or leases shall be for a term of more than five (5) years. * * * * * 3. . . . [n]o county records or activities required by the constitution of Florida to be retained or carried on at the county seat shall be maintained or carried on in the buildings leased under the provisions of this act. . . . (Emphasis supplied.) Chapter 59-1118, Laws of Florida, provides that: The board of county commissioners of Brevard county is hereby authorized and empowered to acquire sites for, construct and maintain, or to lease, purchase or otherwise acquire or obtain the use of office buildings outside of the county seat of Brevard county, said buildings to be designated as county office buildings and used for the housing of such of the county agencies, offices and officials of said county as the board of county commissioners shall determine necessary to enable said agencies, offices and officials to properly perform their respective duties and functions. . . . (Emphasis supplied.) Thus, it is the board of county commissioners that is constitutionally and statutorily empowered to establish branch offices for the conduct of county business by the county officers outside of the county seat, and the county officers possess no such authority. Possessing no statutory authority in this particular, the tax collector necessarily is without statutory authority to lease or rent office facilities for branch offices outside of the county seat. See Hopkins v. Special Road Bridge Dist. No. 4, supra; White v. Crandon, 156 So. 303 (Fla. 1934). Also see, as to administrative agencies and officials in general, City of Cape Coral v. GAC Utilities, Inc., of Florida, 281 So.2d 493 (Fla. 1973); State ex rel. Greenberg v. Florida State Bd. of Dent., 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900; and s. 5(c), Art. II, State Const. Cf. AGO 075-161. As to the rental of office space within the county seat by the Tax Collector of Brevard County from parties other than the county, as noted above in question 2, the county is under a duty to provide space within the county seat to the tax collector without charge, and the particular allocation of space to the officer by the board of county commissioners controls in the absence of fraud or a clear abuse of discretion, Mathis v. Lovett, supra. However, should the board of county commissioners be unable to provide adequate space to the tax collector due, for example, to the unavailability of space in county-owned buildings in the county seat or want of available funds to lease such office space for the county officers, then such expenditure for rental by the tax collector from the income of his office would be a proper allocation of public funds as a necessary expense of operating his office and carrying out his statutory functions and duties which, of course, would be for a county purpose. Cf. s. 195.087(2), F. S. See AGO 053-5, Biennial Report of the Attorney General, 1953-1954, p. 325, and AGO's 055-101 and 070-166. It should be noted, however, that s. 1(k), Art. VIII, State Const., requires that all permanent records of county officers be located at the principal office in the county seat. Cf. s. 125.222, F. S., with respect to civil and criminal proceedings at auxiliary county offices and maintenance of the records thereof. As qualified above, your third question is answered in the negative. AS TO QUESTION 4: Your fourth question asks whether the board of county commissioners may furnish legal services to the tax collector and, if so, whether the board may charge the tax collector for such services. No special or local law governing this question has been drawn to my attention; and for the purposes of this opinion, I assume that no such law is existent. Section 125.01, F. S., states that: (1) The legislative and governing body of a county shall have the power to carry on county government. . . . [T]his power shall include . . . the power to: * * * * * (b) Provide for the prosecution and defense of legal causes in behalf of the county or state and retain counsel and set their compensation. (Emphasis supplied.) Section125.01(1)(b), supra, does not expressly authorize the county commission to furnish legal services to the tax collector and does not empower the commission to charge the tax collector for any such legal services. The statute provides that the county commission may prosecute or defend legal causes in behalf of the county; and it is only when the county has an interest in the excess fees or income of the office, some statutory duty or liability devolves upon the county commission, the revenue of the county is directly affected, some benefit will result to the county, or some county purpose is served that implied authority may be found to exist to provide such legal services on behalf of the county or to defray the costs and expenses thereof. See Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936); White v. Crandon, supra; AGO 051-8, Biennial Report of the Attorney General, 1951-1952, p. 224; AGO 058-178. Also see AGO 068- 70, wherein it was stated that: "[T]he board of county commissioners is vested with the power to reimburse counsel for defending county officials acting within the scope of their duties." However, the aforesaid express or implied authority does not extend to employing a general counsel or similar house counsel services under s.125.01(1)(b), supra. As a general rule, the power to employ counsel does not exist unless such power is expressly conferred or results by necessary implication from the powers granted. See Watson v. Caldwell, 27 So.2d 524 (Fla. 1946); White v. Crandon, supra; and also see State v. Culbreath, supra, as to implied power to employ both trial and general counsel. Also, if the statutes impose some duty on the tax collector and in carrying out such statutory duty or function it becomes necessary to engage an attorney to bring or defend some administrative or judicial action or proceeding, then the tax collector may employ and pay such attorney as a necessary expense of conducting and operating his office and performing his statutory duties. See 67 C.J.S. Officers s. 91; AGO's 074-192, 071-166, and 068-70; State v. Culbreath, supra; and cf. s. 197.086(1), F. S., empowering the tax collector to employ counsel and agree upon his or her compensation for conduct of the proceedings therein specified and to pay such compensation out of the general office expense fund of the tax collector and to budget for such services. Moreover, in AGO 071-166, it was noted that "if a state-employed attorney is available and qualified to act, the official in question should avail himself of the services of such attorney rather than employ a personal attorney." One of my predecessors in office concluded that a board of county commissioners has the authority to pay for attorneys' services in defending a tax assessor in a suit wherein the revenue of the county is directly affected and the county attorney is disqualified if in the judgment and discretion of the board such employment serves a county purpose and is beneficial to the county. The opinion noted that under ordinary circumstances — e.g., no conflicting interest between the tax assessor and county attorney — it was assumed that the regular attorney for the board of county commissioners would have defended the tax assessor. Attorney General Opinion 051-8, Biennial Report of the Attorney General, 1951- 1952, p. 224. Cf. AGO's 073-381, 073-389, and 073-412, as to the fiscal administration and budgeting for the office of county tax assessor, including items for independent legal counsel and legal expenses necessary to the operation of the office, under the provisions of Ch. 73-172, Laws of Florida (s.195.087(1), F. S. 1973). Also see s. 195.087(1) and (2), F. S., pertaining to the submission to, and approval by, the Department of Revenue of the tax collector's budget. As to whether the board of county commissioners may charge for legal services it provides to the tax collector fee officer, I find no express or necessarily implied statutory authority for the board of county commissioners to charge the tax collector fee officer for any such services. In the absence of such statutory grant, I conclude no such authorization exists, since county commissioners have only such authority and duties as are conferred or prescribed by statute or by the Constitution or are necessarily implied from the express terms thereof. Hopkins, supra; Ausley, supra; and Gessner, supra. Thus, the board of county commissioners may provide legal services to the tax collector fee officer if the board determines that such action serves a county purpose and is beneficial to the county, and the tax collector is empowered to employ counsel if it becomes necessary to engage an attorney to bring or defend actions or proceedings in carrying out his statutory duties or functions and to compensate such attorney as a necessary expense of operating his office. The board of county commissioners may not, however, charge the tax collector for furnishing such legal services.