Sam A. Cornwell Manatee County Tax Collector Bradenton
QUESTION:
May a county tax collector, if he has a resolution duly adopted by the board of county commissioners authorizing the establishment of branch offices, maintain an office in commercial banks, staffed by the tax collector's own employees, for no or minimal rent, for collection of ad valorem taxes?
SUMMARY:
A county tax collector is not authorized by law to establish and maintain or enter into contractual arrangements for branch offices for the conduct of his statutory duties and functions or expend income of the office therefor, whether within or without the limits of the county seat.
In the event that the county commission is unable to provide necessary office space in the courthouse or other county building in the county seat for the county officer, then such officers may provide for and rent such necessary office space and pay rents therefor out of the income of the office as a necessary operating expense of the office.
The tax collectors, like the other county officers, are constitutional officers whose duties are imposed by, and their powers derived from, statutes. The tax collectors' powers, duties, and functions are set forth in Ch. 197, F. S. This statute contains no provision whatever expressly or impliedly authorizing the tax collectors to establish or maintain branch offices outside the county seat in commercial banks or any other location or to enter into any contractual arrangements or expend any income of their location or to or as rents therefor. While there is no statute expressly prohibiting such action, the prevailing rule of law is that public officers have only such authority or power as is clearly conferred by statute or necessarily implied from expressly granted or imposed statutory powers or duties. See,e.g., 67 C.J.S. Officers s. 102; Lang v. Walker, 35 So. 78, 80
(Fla. 1903); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); AGO's 071-28, 075-299, 078-77, 078-94, and 078-101; and where there is doubt as to the existence of authority, it should not be assumed. See, e.g., White v. Crandon, 156 So. 303, 305
(Fla. 1934), Gessner v. Del-Air Corporation, supra; Edgerton v. International Company, 89 So.2d 488, 490 (Fla. 1956). Moreover, unlimited authority to perform official functions as may be desired by an officer or to incur expenses against the state or county cannot lawfully be conferred upon any officer. Coen v. Lee,156 So. 747, 750 (Fla. 1933). An officer may not do everything not forbidden in advance by some legislative act. 67 C.J.S. Officers
s. 102, p. 366. As in the case of other administrative officers, tax collectors, whose offices are constitutionally created but whose powers and duties are statutory, have no common law powers `and what [powers] they have are limited to the statutes. . . .' State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628, 638 (1 D.C.A. Fla., 1974); AGO 075-120; See also AGO's 075-148, 075-161, 078-95, 078-97, 078-101, and 078-114.
Although an express power duly conferred may include implied authority to use means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred. Molwin Inv. Co. v. Turner,167 So. 33 (Fla. 1933); AGO 073-375. Any implied power must be necessarily implied from a duty or power which is specifically or expressly granted or imposed by statute. See AGO 075-161; Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A. Fla., 1975), and also be essential in order to carry out the expressly granted power or duty imposed, e.g., AGO 073-374 and 67 C.J.S. Officers s. 102.
In the situation proposed in your inquiry, as in the situation discussed in AGO 078-77, there is no necessity to imply a power to the tax collector to establish and maintain or enter into contractual arrangements for a branch office outside the county seat as the constitutional and statutory law otherwise provides for and vests the authority and discretion in such matters in the board of county commissioners. See, e.g., AGO 076-173. Accordingly the tax collectors of this state are not authorized by statute, expressly or impliedly, to establish and maintain or enter into contractual arrangements for branches of their offices in any location outside the county seat.
Section 1(k), Art. VIII, State Const., provides that branch offices for the conduct of county business may be established by the county commissioners outside the county seat. See AGO 070-166. In s. 125.01(1)(c) and (3)(a), F. S. 1977, the county commissioners are further empowered to provide county buildings and lease property for the county are for county purposes. Seegenerally AGO 076-173 in part including that under constitutional and general law provisions and certain special laws only the county commission may establish branch offices for the conduct of county business by the county offices outside of the county seat, and the county officers possess no such authority. Possessing no constitutional or statutory authority in this particular, the tax collectors are without lawful authority to maintain or enter into any contractual arrangements for branch offices outside the county seat, or pay rent for such offices from the income of their offices.
The county commission is therefore required to provide necessary office space for all county offices. In AGO 073-99, I stated that, in the case of the school board and superintendent of schools, it was not necessary that offices provided these officials be located in the courthouse but merely in the county seat. I have previously stated that the county commission has the sole authority to allocate space in county buildings to the various officers, and that, acting within their discretion, the decision of the county commission will not be interfered with, absent a clear showing of fraud or abuse of that discretion. Attorney General Opinion 071-275; see also Mathis v. Lovett, 215 So.2d 490 (1 D.C.A. Fla., 1968). This discretionary power applies to locations outside county-owned (or county-leased) buildings or the county seat, also. See AGO 064-63. The principal offices and permanent records of all county officers must be in the county seat — however, not necessarily in the courthouse. The county commission should provide such offices free of charge to the county officers. Only
when the county is unable to do so may a county officer rent an office for himself in the county seat. Absent statutory authority to do so, a county officer may not establish and maintain or enter into contractual arrangements for a branch office outside the county seat or rent such office facilities, nor expend office income or funds to pay rent therefor. Only the county commission may lease buildings or office facilities for the conduct of county business by the county officers within or without the county seat.
It should be noted that the authority imposed on the board of county commissioners to provide office space for the county officers carries with it the proviso that, in the event commissioners are unable to provide necessary office space for one of the county officers, then that officer may provide the necessary space. See AGO's 073-99 and 076-173. In this circumstance only would the tax collector be empowered to provide for such office space or to rent and pay rents for such necessary office space in the county seat out of the income of his office as a necessary operating expense of the office. The tax collector, however, possesses no lawful authority to lease or rent, or otherwise provide and maintain, office facilities for branch offices for the conduct of his statutory duties and functions outside the county seat. Attorney General Opinion 076-173.
Accordingly, your question is answered in the negative to the extent of the power of the tax collector to establish and maintain or enter into contractual arrangements for branch offices for the collection of ad valorem taxes.
Prepared by: William D. Townsend, Assistant Attorney General