Wachtler, J.
(concurring). Compelling a witness to appear blind and unaided before a secret tribunal is difficult to reconcile with a judicial system which prides itself on having long rejected the methods of the inquisition. Even more disturbing is the fact that the Grand Jury which was originally created to protect the presumably innocent citizen from unfair prosecution has, in modern practice, almost invariably served as an investigative agent for the prosecutor.
The witness in this case has been directed to appear, without counsel, at a Grand Jury proceeding, not open to the public, in order to be questioned about certain unspecified events by a special prosecutor whose authority is cryptically described as extending to matters contained in "File Number N Y 9-41”. This intentionally mystifying procedure is said to be justified by the need for maintaining secrecy in a pending criminal investigation. The witness argues, however, that the degree of secrecy observed in this case undermines her rights to such an extent that the subpoena should be quashed.
There is, of course, no risk that the witness will be compelled to incriminate herself in view of the fact that she has been granted full transactional immunity (CPL 190.40, subd 2). The primary question is whether concealing the scope of the special prosecutor’s authority by reference to a secret file, *24 supplemented only by vague generalization, effectively deprives her of the right to refuse to answer questions which are irrelevant to the matter under investigation (see, e.g., People v Ianniello, 21 NY2d 418, 425; Matter of Koota v Columbo, 17 NY2d 147, 150).
Although the exercise of that right has obviously been made more difficult in this case, I am impelled to concur with the result reached by the majority because there is no showing that the witness has been denied access to the court to be heard on questions to which she objects, or that the prosecutor has in fact exceeded his authority by posing those questions. Should the witness refuse to answer questions held to be relevant, the fact that she was not aware of the scope of the prosecutor’s authority, and thus could not fully argue the relevance issue, would weigh heavily against the prosecutor if he seeks to charge her with contempt. At this stage, however, there is no indication that the refusal to disclose the prosecutor’s authority, although inconvenient, has actually prejudiced the witness’ rights.
That is not to say that the procedure adopted in this case contributes to the public image of a fair and impartial judicial System. This procedural unfairness, however, is a problem best addressed to the Legislature which has prescribed the existing practices. The Legislature should also give serious consideration, as have many of our sister States, toward the eventual elimination of the Grand Jury as a prosecutorial tool to fashion felony indictments.