Mr. Kyle S. Van Landingham County Attorney Room 106, Courthouse 304 N.W. 2nd Street Okeechobee, Florida 33472
Dear Mr. Van Landingham:
This is in response to your request for an opinion on the following question:
 IS THE BOARD OF COUNTY COMMISSIONERS, WHICH EMPLOYS A VETERAN SERVICE OFFICER PURSUANT TO CH. 292, F.S., RESPONSIBLE FOR PROVIDING SAID OFFICER WITH OFFICE SPACE?
You have stated that Okeechobee County's veteran service officer maintains his office in a commercial building which he owns and which is located several blocks from the courthouse. The veteran service officer also operates a used car business in the building and on an adjacent lot. The two functions are, however, conducted in separate offices. The county pays no rent to the veteran service officer, but does pay for office-related long distance telephone calls.
Section 292.10, F.S., authorizes the board of county commissioners of each county to assist war veterans and their dependents in presenting claims for and securing such compensation, hospitalization, education, loans, vocational training and other benefits or privileges to which they are or may become entitled under any federal or state law or regulation by reason of their service in the Armed Forces of the United States. Section292.11(1), F.S., provides in pertinent part:
"Each board of county commissioners may employ a county veteran service officer; provide office space, clerical assistance, and the necessary supplies incidental to providing and maintaining a county service office; and pay said expenses and salaries from the moneys hereinafter provided for." (e.s.) See, s. 292.15, F.S., which empowers the county to levy a tax not to exceed one-half mill, or to use available funds on hand and unappropriated, whether derived from taxation or otherwise, to provide a veteran service officer and maintain a veteran service officer in the county and to "disburse said moneys at such times and in such manner and under such terms and conditions as may be provided by resolution of said boards of county commissioners. . . ." And see, s.292.11(3) providing that any appropriation made by a county for the purposes set forth in s. 292.11 is declared to be an appropriation for a county purpose.
The language contained in the foregoing statutory provisions is permissive. See, e.g., City of Miami v. Save Brickell Ave., Inc.,426 So.2d 1100 (3 D.C.A.Fla., 1983) (in statutory construction, word "may" when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word "shall"); Fixel v. Clevenger, 285 So.2d 687 (3 D.C.A. Fla., 1973). Cf., AGO 79-29. Thus a county is authorized, but not required, to employ a veteran service officer and to levy a tax to provide for such officer. Once, however, the board of county commissioners elects to employ a veteran service officer, you inquire whether the county is responsible for providing such officer with office space.
As stated above, the language in ss. 292.11 and 292.15 is permissive and appears to preserve the discretion of the board of county commissioners with respect to the employment of such veteran service officers, their compensation and the terms of employment. Under s. 125.01(1)(c), F.S. (1984 Supp.), however, the board of county commissioners as the legislative and governing body of a county has the power to carry on county government which, to the extent not inconsistent with general or special law, includes, but is not restricted to, the power to "[p]rovide and maintain county buildings." Under s. 125.01(3)(a), the board of county commissioners is specifically granted the power to purchase or lease and sell or exchange real or personal property. See also, s. 125.031, F.S. Cf., AGO 76-173 (only the county commission may establish branch offices for the conduct of county business by the county officers outside of the county seat, and the county officers possess no such authority); Art. VIII, s. 1(k), State Const.
In AGO 64-63, this office stated:
 Unless otherwise provided by the statutes of this state, the board of county commissioners of the several counties in Florida `in their control over county buildings,' and other properties `have the duty, as well as the discretionary power, to designate or appropriate rooms in the county buildings or elsewhere for the use of county officers. This power is a continuing one, not exhausted by a single exercise, and the assignment of offices may be changed when, in the judgment of the authorities, the public convenience will be promoted by the change, but the exercise of the power is subject to the inherent power of the courts to control court facilities, and to whatever rights and powers are conferred by statute on other county officers.' [citation omitted] (e.s.)
See, AGO's 55-101 ("[o]rdinarily, it is the duty of the board of county commissioners to furnish quarters for county officers"); 76-173; 78-135 (county commission is therefore required to provide necessary office space for all county officers); 79-107. See also, 20 C.J.S. Counties s. 169. And see, AGO's 71-275, 73-99 and 82-23 (board of county commissioners has sole responsibility for allocating available office space in courthouse and other county buildings to public officials authorized or required by law to maintain offices in such buildings). This power of the county commission to allocate space to the county officers also applies to locations outside county owned (or county-leased) buildings or the county seat. Attorney General Opinion 78-135. The courts will not interfere with the county commissioners' allocation of office space in the absence of abuse of discretion or fraud. Mathis v. Lovett, 215 So.2d 490 (1 D.C.A. Fla., 1968).
The board of county commissioners therefore has a duty, as well as the discretionary power, to provide office space for all county officers, and only the county commission has the power and authority to allocate offices in county buildings to such officers. Thus, while the language in s. 292.11(1) is permissive and the employment of a county veteran service officer discretionary, I am of the opinion that once the board of county commissioners elects to employ such a veteran service officer, the board, "in [its] control over county buildings, and other properties" has a responsibility and duty to provide such officer with office space. To conclude otherwise might prevent the veteran service officer from performing his statutory duties and would thus impair or defeat the intended effect of s. 292.11(1) to assist military veterans. Cf., McLellan v. State Farm Mutual Automobile Insurance Co., 366 So.2d 811 (4 D.C.A. Fla., 1979) (in construing statutes, courts must avoid any interpretation which would impair, nullify or defeat the result intended, or produce unreasonable, absurd or ridiculous results); In the Interest of J.L.P., 416 So.2d 1250 (4 D.C.A. Fla., 1982).
You inquire whether a veteran service officer may establish his office in a commercial building which he owns. Veteran service officers are statutory officers whose powers and duties are prescribed by statute. It is the responsibility of such officers, as set forth in Ch. 292, F.S., to assist veterans in presenting claims for and securing such compensation, hospitalization, education, loans, vocational training, and other benefits or privileges to which they are or may become entitled under any state or federal law by reason of their military service. Sections292.10, 292.11, F.S. See also, Ch. 22S-3, F.A.C. (1984 Supp.). Chapter 292 does not expressly authorize a veteran service officer to establish or maintain his office in his own building or elsewhere, nor can I conclude that such authority may be generally implied. See generally, Florida State University v. Jenkins,323 So.2d 597 (1 D.C.A. Fla., 1975) (public officers have only such authority or power as is clearly conferred by statute or necessarily implied from expressly granted or imposed statutory powers and duties); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); State ex rel. Martin v. Michell, 188 So.2d 684 (4 D.C.A. Fla., 1966), cert. discharged,192 So.2d 281 (Fla. 1966), aff'd., 208 So.2d 630 (4 D.C.A. Fla., 1968), cert. denied, 214 So.2d 623 (Fla. 1968); AGO's 75-120, 78-77, 78-114, 78-135, 82-95, 85-38; 67 C.J.S. Officers s. 192. And see, State v. Atlantic Coast Line R. Co., 47 So. 969
(Fla. 1908) (where there is doubt as to the existence of authority, it should not be assumed and the further exercise of the power should be arrested); Hopkins v. Special Road Bridge District No. 4, 74 So. 310 (Fla. 1917); Gessner v. Del-Air Corp., 17 So.2d 522
(Fla. 1944). Cf., White v. Crandon, 156 So. 303 (Fla. 1934).
As previously stated, it is the responsibility and duty of the board of county commissioners to provide office space for county officers and only the board has the authority to allocate such space. Thus it is the board of county commissioners, not the veteran service officer, which has the authority to provide office space for such officer. Cf., Attorney General Opinion 53-5, Biennial Report of the Attorney General, 1953-1954, p. 325; AGO's 76-173 and 78-135 (only in event commissioners are unable to provide necessary space for one of the county officers due, for example, to the unavailability of space in county buildings or lack of available funds to lease office space for a county officer, may that officer provide the necessary space). Cf., AGO 77-99. I am not aware of any provision in Ch. 125, F.S., or elsewhere which would prohibit the board of county commissioners from authorizing or approving the location of the veteran service office in a privately owned commercial building, nor has such a provision been brought to the attention of this office. Cf., Mathis v. Lovett, supra at 491 ("the Court cannot and should not, in the absence of a clear showing of fraud or abuse of discretion, interfere with the discretionary actions of an administrative agency"); AGO 71-275. No comment is expressed herein, however, whether the location of such office in a building owned by the veteran service officer may violate any provision of Part III, Ch.112, F.S., the Code of Ethics for Public Officers and Employees. See, e.g., s. 112.313 setting forth the standards of conduct for public officers and employees. Any question requiring an interpretation of Part III, Ch. 112 must be referred to the Commission on Ethics. See, s. 112.322(3), F.S.
In sum, it is my opinion, until legislatively or judicially determined to the contrary, that the board of county commissioners, upon exercising its discretion to employ a county veteran service officer, has the duty and responsibility to provide said officers with office space.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General