GEORGE W. HOPKINS, *Appellant*, v. SPECIAL ROAD AND BRIDGE DISTRICT NO. 4, IN BREVARD COUNTY, STATE OF FLORIDA, BY S. A. OSTEEN, J. M. OSBAN, R. M. PACKARD, HIRAM PLATT AND P. L. KYZER, COUNTY COMMISSIONERS OF BREVARD COUNTY, FLORIDA, *Appellees.*

Opinion Filed February 6, 1917.

1. The lawmaking power may provide any legislative regulation that does not conflict with organic law.

2. Chapters 6208 and 6879, Laws of Florida, are general laws authorizing the establishment of special road and bridge districts in any county of the State for the governmental purpose of constructing and maintaining permanent roads and bridges in such districts, and such statutes do not violate the provisions of the constitution that require uniformity and equality in taxation, and that forbid the taking of property without compensation or due process of law.

3. County commissioners can exercise such authority only as is "prescribed by law;" and where there is doubt as to the existence of authority it should not be assumed.

4. Chapters 6208 and 6879, Laws of Florida, do not contemplate successive issues of bonds in the special road and bridge dis-

248    SUPREME COURT OF FLORIDA,

Hopkins v. S. R. & B. Dist. No. 4—Opinion of Court

tricts to construct roads and bridges except when the first issue is insufficient and the construction is not completed in the first instance.

Appealed from Circuit Court for Brevard County; Jas. W. Perkins, Judge.

Judgment or decree reversed.

*Landis, Fish & Hull,* for Appellant;

*G. C. Edwards* and *Axtell & Rinehart,* for Appellees.

WHITFIELD, J.—This is a proceeding had under the statute (Chapter 6868, Acts of 1915) to have validated bonds issued by a Special Road and Bridge District No. 4, in Brevard County, Florida. George W. Hopkins, a tax payer in said district, intervened as permitted by the statute and presented objections to the validation of the bonds. The court rendered a decree validating and confirming the bonds and the intervening tax payer Hopkins appealed.

The constitutional validity of the statutes, Chapter 6208, Acts of 1911, as amended by Chapter 6879, Acts of 1915, under which the bonds are issued, is questioned. Under Section 840, General Statutes of 1906, each county commissioner's district is a road district.

Chapter 6208 is "AN ACT to Authorize the Counties of the State of Florida to Create and Constitute Special Road and Bridge Districts, Within Said Counties; and to Issue Bonds and Levy and Collect a Special Road and Bridge Tax with Which to Pay for the Construction, Repair and Maintenance of the Roads and Bridges Within Said Special Roads and Bridge Districts."

In the body of the Act and in the amendatory Act,

VOL. 73, JANUARY TERM, 1917.    249

Hopkins v. S. R. & B. Dist. No. 4—Opinion of Court

Chapter 6879, Acts of 1915, are provisions that when-
ever residents of any territory embraced wholly or in
part in one or more Road Districts, as at that time con-
stituted in any county of the State, desire to have such
territory constituted into a "Special Road and Bridge
District" and to have constructed within said Special Dis-
trict, "permanent roads and bridges," they may proceed
in a stated manner.   An election in the district is pro-
vided for "to determine whether or not such territory
shall be constituted into a Special Road and Bridge Dis-
trict."   When established such district is given a desig-
nated name or number with definite boundaries, "and
thereafter such territory shall constitute a Special Road
and Bridge District" and taxes are collected upon all of
the taxable property therein for the construction, repair
and maintenance of the roads and bridges within said
district or for the interest and sinking fund of bonds that
may be issued for the construction of roads and bridges.
Each Special Road and Bridge District is entitled to re-
ceive for the repair and maintenance of the roads and
bridges in said district, its due proportion of the county
tax levied and collected upon the taxable property in the
county for general road purposes.  The residents of each
Special Road and Bridge District may at any future time
provide for the construction of additional roads and
bridges by the prescribed method.   All special taxes for
the roads and bridges of the district "shall be assessed,
equalized and collected upon the taxable property within
the Special Road and Bridge District, by the same officers
and in the same manner as is provided by law for the
assessment, equalization and collection of other county
taxes."   The construction, repair and maintenance of the
roads and bridges in the districts "shall at all times be
subject to the supervision and control of the board of

county commissioners," such board being given the right of eminent domain to carry out the purposes of the act.

These and other provisions clearly indicate a legislative intent to provide for the establishment of permanent territorial subdivisions of counties and to make the "construction, repair and maintenance" of "permanent roads and bridges" in such subdivisions, a governmental purpose and function. This being so, the taxes levied under the acts are for a governmental purpose within the power of the legislature, and no question of special assessments for local benefits is presented.

In this view, the acts are an exercise of the taxing power in a manner and for, a purpose not forbidden by the constitution, and the limitations as to notice and benefits that may be incident to local assessments for special benefits to property are not applicable. The statutes do not violate the limitations of the organic law of the State upon the taxing power of the Legislature; and other limitations suggested do not control. The statutes are in aid of the general policy of the road and bridge laws of the State.

The cost of constructing and maintaining the roads and bridges are not borne by "assessments upon the lands benefited;" but the expense is met by a tax levy upon all the taxable property in the district.

In authorizing the formation of Special Road and Bridge Districts in the county, the legislature may adopt any method it chooses, no constitutional limitation being thereby violated.

The decision in Stewart v. DeLand-Lake Helen Special Road and Bridge Dist. in Volusia County, 71 Fla. 158, 71 South. Rep. 42, is in harmony with the holding in this case. The mandate of the constitution that: "The Legislature shall provide for a uniform and equal rate

of taxation," has reference to uniformity and equality of tax rates and burdens on all property subject to the particular tax." Ellis v. Atlantic Coast Line R. Co., 68 Fla. 160, text 163, 66 South. Rep. 1005.

The fact that the constitution expressly provides for subdivisions of the State into counties and also provides for municipalities, and for Special Tax School Districts, which counties and municipalities and School Districts may be a separate unit for uniformity and equality of rates of taxation, does not affect the power of the legislature to provide for the establishment of districts in a county for the purpose of constructing and maintaining permanent roads and bridges therein under governmental authority and control; and such districts may be made separate units for taxation to accomplish the governmental purpose of providing permanent highways. The legislature may provide any legislative regulation that does not conflict with organic law. City of Jacksonville v. Bowden, 67 Fla. 181, 64 South. Rep. 769.

Chapters 6208 and 6879 are general Acts applicable to every county of the State and are in no sense "special or local laws * * *.for assessment and collection of taxes for State and county purposes," forbidden by the constitution. Sec. 20 Art. III Constitution.

It is contended that this bond issue is illegal because it is for the purpose of constructing roads that were for the most part constructed by a former bond issue for that purpose.

County Commissioners can exercise such authority only as is "prescribed by law;" and where there are doubts as to the existence of authority it should not be assumed.

The statute provides for the issue and sale of bonds for any Special Road and Bridge District for the construction of permanent roads and bridges and also pro-

vides for the subsequent issue of other bonds "for the construction of additional roads and bridges."

An amendment to Section 8 of Chapter 6208, as contained in Section 3 of Chapter 6879 provides that where upon prescribed procedure it appears that a further sum of money is necessary to pay for the construction of either roads· or bridges within the district, that bonds may be issued to pay for such work of construction in addition to warrants or bonds of the district that may then have been already issued. This amendment manifestly applies where a bond issue is insufficient to construct the roads and bridges as contemplated when the issue was authorized; and the amendment does not authorize an issue of bonds to reconstruct roads and bridges that had already been constructed as authorized.

Express provision is made in the statute for the *repair and maintenance* of such roads and bridges by a tax levy upon all taxable property within the special district. The statute does not contemplate successive issues of bonds to construct roads and bridges except when the first issue is insufficient and the construction is not completed in the first instance.

As the statute gives no authority to issue bonds to re-construct roads and bridges that had already been constructed by a bond issue under the statute, the court erred in validating the bonds involved herein, and the judgmetn or decree is reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.