QUESTION: May a sheriff's department retain, for the use of the department, a vehicle found to be abandoned upon the public highway?
SUMMARY: When a motor vehicle is found abandoned on a public highway and the vehicle is not found to contain contraband or to have been used in connection with a crime, disposition should be effected pursuant to either s. 705.01(1) or s. 705.16, F.S., depending on the condition and value of the vehicle. There is no statute authorizing a sheriff to retain, for departmental use, a vehicle found under such circumstances. A related question was answered by one of my predecessors in office in AGO 057-154. In that opinion, it was stated that disposition of an abandoned automobile taken into the sheriff's custody is provided for by s. 705.01, F.S. (now appearing as subsection (1) of s. 705.01, F.S.), which requires sale at public outcry, with the proceeds of the sale going to the state school fund. Although it appears that AGO 057-154 is still valid, and that s. 705.01(1) should be applicable, it is also necessary to consider the effect of s. 705.16, F.S., which was enacted after AGO 057-154 was issued and which provides a "supplemental" method (removal and destruction) for the disposition of abandoned personal property, including motor vehicles. In assessing the applicability of s. 705.16, supra, to your question, which involves an automobile which was merely found abandoned — not seized — and which was not connected to a crime, it is important to note two requirements of s. 705.16 which must be met if that section, rather than s. 705.01(1), supra, is to be applied. First, the property must have "no value other than nominal salvage value, if any." Section 705.16(2)(b). Second, if the property in question is a motor vehicle, it must be either "wrecked, inoperative, or partially dismantled." Id. Thus, although an abandoned motor vehicle might be inoperative because of some repairable malfunction, it would not necessarily be subject to disposition under s. 705.16. It would also have to meet the test of having no value other than nominal salvage value, if any. Unless both tests are met, disposition should be effected according to s. 705.01(1). Assuming the automobile in question was not used in connection with a crime and did not contain contraband — under which circumstances the statutory provisions relating to seizure and forfeiture, such as s. 705.13, F.S., and the Florida Uniform Contraband Transportation Act [Ch. 74-385, Laws of Florida, ss. 943.41-943.44, F.S. (1974 Supp.)] would apply — disposition of the abandoned motor vehicle should be carried out according to either s. 705.01(1), F.S., or s. 705.16, F.S. The final determination of which of these two sections will apply must be made pursuant to an inspection and appraisal of the particular vehicle involved. Neither s. 705.01(1), supra, nor s. 705.16, supra, provides for the use of an abandoned motor vehicle by a sheriff's department in lieu of sale or destruction. Therefore, the maxim, expressio unius est exclusio alterius, appears to be applicable. The Florida Supreme Court provided the following explanation of this maxim's effect, in Alsop v. Pierce,19 So.2d 799, 805, 806 (Fla. 1944): When the Legislature has prescribed the mode, that mode must be observed. When the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way. Thus, I am of the opinion that the Legislature, in providing specific means of disposal (sale or destruction), intended such means to be exclusive, and thus no other procedure — such as retention and use by the sheriff's department — may be followed. But, even more important is the basic proposition that public administrative officers must look to the statutes for their powers and duties. That is, even without ss. 705.01(1) and 705.16, F.S., and the maxim of expressio unius est exclusio alterius, a sheriff would still be unable to retain and use an abandoned motor vehicle absent statutory authority therefor. It has been pointed out that, "[w]hile the sheriff is a county officer, he represents the executive or administrative power of the state within his county." (Emphasis supplied.) [See] 29 Fla. Jur. Sheriffs s. 15. In addition, I have previously held, in AGO 074-314, that the disposal procedure provided in s. 705.01(1) is an administrative procedure. (And s. 705.16, which, as pointed out above, is "supplemental" to the basic procedure in s. 705.01(1), is also administrative.) Thus, although a sheriff is a constitutional — rather than statutory — officer, he is nevertheless an administrative officer and, in effecting the disposal of abandoned property, is performing an administrative function. It is well established under Florida law that an administrative officer has only that authority provided by statute and that where there is a question as to the existence of authority, the question should be resolved against the existence of the authority. The Florida Supreme Court has held that county commissioners, for example, "are constitutional officers whose duties and powers are prescribed by statute, and . . . where there is doubt as to the existence of authority, it should not be assumed." (Emphasis supplied.) White v. Crandon, 156 So. 303, 305 (Fla. 1934). Accord: Hopkins v. Special Road Bridge Dist. No. 4, 74 So. 310 (Fla. 1917). The preceding quote in regard to county commissioners should be equally applicable to sheriffs, since sheriffs are also "constitutional officers whose duties and powers are prescribed by statute." The court, in White v. Crandon, id., also stated that "[t]he authority of public officers to proceed in a particular way or only upon specific conditions implies a duty not to proceed in any manner than that which is authorized by law." As to administrative action in excess of statutory authority, in general, see also: City of Cape Coral v. GAC Utilities, Inc., of Florida, 281 So.2d 493 (Fla. 1973); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974). Article II, s. 5(c), State Const., provides: "[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law." This provision is derived from former Art. III, s. 27, and Art. VIII, s. 6, State Const. 1885. Former Art. VIII, s. 6, provided that the powers and duties of a sheriff "shall be prescribed by law." In an early case interpreting Art. VIII, s. 6, the Florida Supreme Court emphasized a sheriff's dependency upon statutory authority: The sheriff has no exclusively inherent or constitutional right to the custody, care, and keeping of county convicts, or to the emoluments to be derived therefrom. Our Constitution (section 6, art. 8) expressly makes the powers, duties, and compensation of sheriffs dependent upon legislative action. (Emphasis supplied.) Lang v. Walker,35 So. 78, 80 (Fla. 1903). Under the present Art. II, s. 5(c), the powers and duties of sheriffs remain — as they were held to be in 1903 — "dependent upon legislative action." The clear requirement of Art. II, s. 5(c), supra, combined with the case law referred to above, compels the conclusion that — absent a statute establishing a power or duty — a sheriff is without authority to retain an abandoned motor vehicle for use by the sheriff's department. Since I can find no such authorizing statute in Ch.705, F.S., or in Ch. 30, F.S. — which is the general chapter relating to sheriffs — or in any other chapter of the Florida Statutes, your question must be answered in the negative.