Gerald A. Figurski Pasco County Attorney Port Richey
QUESTIONS:
1. Does the Board of County Commissioners of Pasco County have the authority to waive the fee charged for the county-operated ambulance service?
2. Does the Board of County Commissioners of Pasco County have the authority to compromise and settle debts owing to the county as a result of the provision of ambulance service?
SUMMARY:
The Board of County Commissioners of Pasco County does not have the authority to waive the fee established and charged by it for the provision of county-operated ambulance services, but may compromise and settle debts owing to it for providing ambulance services provided that a diligent effort is made to collect the debt in full prior to entering into compromise negotiations and, if the debt is undisputed, the county receives some benefit to which it is not otherwise entitled.
AS TO QUESTION 1:
In order to answer your first question, it will be necessary initially to address the question whether Pasco County has the authority to charge a fee for county-provided ambulance services. The law presently authorizes the legislative and governing body of a county to, inter alia, `provide hospitals, ambulance service, and health and welfare programs.' (Emphasis supplied.) Section125.01(1)(e), F. S. While this law does not expressly authorize the board of county commissioners to set and charge a fee for ambulance services, that authority was contained in s. 125.441, F. S. 1969. That law, enacted by s. 1, Ch. 67-26, Laws of Florida, in pertinent part provided:
 (1) The establishment, operation, and maintenance of ambulance service are declared to be county purposes.
(2) Boards of county commissioners are authorized:
(a) To operate and maintain county ambulance service.
 (b) To pay the costs and expenses of establishing, operating, and maintaining such ambulance services from the general revenue fund of the county.
 (e) To establish, charge and collect reasonable fees for the ambulance services rendered pursuant to this act.
While counties were authorized by the above-quoted statutory language to provide ambulance services and to set and collect reasonable fees for such services, that section of Ch. 125, F. S., as well as many others, was repealed by s. 3(1), Ch. 71-14, Laws of Florida. At the same time, however, s. 3(2) of Ch. 71-14 provided that `[t]he repeal of the foregoing . . . shall not be deemed to repeal or limit the powers of the board of county commissioners, but shall be deemed to continue and expand such powers and remove certain limitations heretofore prescribed by law.' The legislative intent, as expressed in s. 6, Ch. 71-14, was `to secure for the counties the broad exercise of home rule powers authorized by the constitution.' This office has been called upon several times to interpret that language in s. 3(2), Ch. 71-14,supra, which purports to continue and expand the powers contained in those statutory sections deleted by s. 3(1), Ch. 71-14. Whenever this office has considered the effect of that language, it has concluded that counties may continue to exercise those specific powers formerly provided for in the sections subsequently repealed. See AGO's 071-366, 072-103, 072-287, and 073-487. Cf. Penn v. Pensacola-Escambia Government Center Authority,311 So.2d 97 (Fla. 1975). Consequently, I am of the opinion that Pasco County has the power pursuant to s. 125.441, as continued by s. 3(2), Ch. 71-14, to provide county-operated ambulance services and to establish, charge, and collect reasonable fees for those services. Of course, the fee schedule must be codified in a duly enacted county ordinance. See s. 125.66, F. S.
Having answered in the affirmative the implied question, whether Pasco County may charge fees for county-operated ambulance services, I now reach the specific question you asked: Whether Pasco County may waive, in certain situations, the fee established and charged for county-provided ambulance services. Neither of the applicable statutes, s. 125.01, F. S., or s. 125.441, F. S. 1969, authorizes the board of county commissioners to waive fees, nor am I aware of any other statute which grants the board such power. Failure to find an express grant of power to waive fees does not mean, however, that such power may not be found to exist as a necessary incident to the power to establish and collect fees. As the Florida Supreme Court stated in the case of Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936), `[a]n express power duly conferred may include implied authority to use means necessary to make the express powers effective, but such implied authority may not warrant the exercise of a substantive power not conferred.' (Emphasis supplied.) It does not appear to me, however, that the waiver of fees is a necessary means of collecting fees but is rather the exercise of a substantive power. Furthermore, the well-established rule in this state is that when there is doubt as to the existence of a power it should not be assumed. Gessner v. Del-Air Corp., 17 So.2d 522 (Fla. 1944); Williams v. Town of Dunnellon, 169 So. 631 (Fla. 1936); White v. Crandon, 156 So. 303
(Fla. 1934); and Hopkins v. Special Road and Bridge District No. 4, 74 So. 310. Consequently, I must conclude that, in the absence of a specific grant, Pasco County may not waive the fee charged for county-provided ambulance services.
AS TO QUESTION 2:
You also ask whether the Board of County Commissioners of Pasco County has the power to compromise and settle debts owing to the county for the provision of ambulance services. Your question is answered in the affirmative subject to the limitations discussed below.
This office has opined that, as the financial agent of the county, the board of county commissioners has general control over its property and the management of its business and, as an incident thereto, has the power to compromise and settle disputed claims. Attorney General Opinions 060-09 and 062-143. In those opinions it also was recognized that, in certain situations, the board of county commissioners has the power to compromise and settleundisputed claims. In order for such a compromise settlement to be effective, however, the county must receive some benefit towhich it is not otherwise entitled. Otherwise, there would be no consideration for the compromise settlement, and the compromise might constitute a gift of county property to a private citizen, which is prohibited by s. 10, Art. VII, State Const. The example given in those opinions concerned a debtor who is unable to pay the claim but who agrees to pay from the proceeds of homestead property or some other exempt property. Ordinarily, a creditor may not reach homestead property to satisfy a debt, so payment from such a source would constitute a benefit to which the creditor would not otherwise be entitled. Of course, any compromise settlement entered into by the county should be preceded by a diligent effort to collet the debt in full and must be made in good faith and be free from fraud and collusion. While the county board may, in proper cases, compromise and settle claims, it may not validly extinguish or forgive the total debt of a person who has received county services and is thereby obligated to pay. See
AGO 075-142.
I am of the opinion, therefore, that the Board of County Commissioners of Pasco County does not have the authority to waive the fee established and charged by it for the provision of county-operated ambulance services. The county board may compromise and settle debts owed to it for providing ambulance services, provided that a diligent effort is made to collect the debt in full prior to entering into compromise negotiations and, if the debt is undisputed, the county receives some benefit to which it is not otherwise entitled.
Prepared by:
Percy W. Mallison, Jr. Assistant Attorney General