Mr. Clyde R. Brown Attorney for the Board of Trustees of the Holmes County Hospital Corporation The Bank of Bonifay Building Post Office Box 185 Bonifay, Florida 32425
Dear Mr. Brown:
This is in response to your request for an opinion on substantially the following question:
 IS THE BOARD OF TRUSTEES OF THE HOLMES COUNTY HOSPITAL CORPORATION AUTHORIZED TO LEASE THE FACILITIES OF THE HOLMES COUNTY HOSPITAL TO A PRIVATE CORPORATION WHICH WOULD MANAGE AND OPERATE SUCH HOSPITAL FACILITIES?
Your letter states that the private corporation which is the proposed lessee of the facilities of the Holmes County Hospital would be required, pursuant to the proposed lease, to operate the hospital under the requirements of the enabling legislation, to pay reasonable compensation for the use of these facilities and that the board of trustees would retain the right to cancel the lease and resume the operation of the hospital if the private corporation failed to operate the hospital in a reasonable manner.
The Holmes County Hospital Corporation was created by Ch. 30843, 1955, Laws of Florida, to provide for the establishment, acquisition or construction, equipping, maintenance and operation of a public, nonprofit hospital at Bonifay, Florida, to be known as the Holmes County Hospital. The county hospital and hospital corporation established by the act are for the benefit of the inhabitants of Holmes County and the purposes of such hospital and hospital corporation are declared to be public and county purposes of the County of Holmes. The hospital corporation is governed by a board of five (5) trustees (one trustee for each county commission district) appointed by the Governor, and the trustees are charged with the management and operation of the hospital and of all business and property of the corporation and with the general duty to carry out the spirit and intent of the enabling statute in establishing and maintaining a county public hospital. Section 3(c), (e), (i) and (k), Ch. 30843, 1955, Laws of Florida; Ch. 65-1701, Laws of Florida. Pursuant to s 3(j), supra, moneys received for the hospital are to be deposited in a bank designated by the board of trustees and credited to the hospital. These funds can be paid out only for those items specifically enumerated: material supplies, equipment, wages, salaries, principal and interest on indebtedness incurred in the acquisition or construction of the hospital or other items of expense. The Holmes County Hospital Corporation is authorized to utilize, for the maintenance and operation of the hospital, funds which the corporation may receive from any source `including revenue received from the rental of offices or other space available for rent in said hospital.' Section 11, supra. The Board of County Commissioners of Holmes County is authorized to allocate to the county hospital corporation, in addition to the funds appropriated and provided for under Ch. 30843, any public moneys in its possession which are not otherwise appropriated or allocated to other uses. Section 30, Ch. 30843, 1955, Laws of Florida.
Chapter 30843, 1955, Laws of Florida, as amended, has created and empowered the Board of Trustees of the Holmes County Hospital Corporation to fulfill those functions for which it was designed: establishing, maintaining, and operating a county public hospital. The statute does not authorize any public or private corporation or entity, other than the county hospital corporation's governing board of trustees, to manage and operate the county hospital facilities or the business and property of the county hospital corporation. Neither Ch. 30843, supra, nor any amendments thereto, expressly authorizes the board to lease its facilities to a private corporation which would manage and operate such facilities; nor do I believe that the authority to do so may be implied from the enabling legislation. The implication of any such authority is not favored in the law, and where the existence of an `implied' power is subject to reasonable doubt, it should not be exercised. City of Cape Coral v. GAC Utilities, Inc., of Florida,281 So.2d 493 (Fla. 1973); White v. Crandon, 156 So. 303 (Fla. 1934); Hopkins v. Special Road Bridge District No. 4, 74 So. 310
(Fla. 1917); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974). Public administrative agencies and officers must look to the statutes for their powers and duties; it is the statute and not the agency which directs what should be done. State ex rel. Burr v. Jacksonville Terminal Co., 71 So. 474 (Fla. 1916); Williams v. Florida Real Estate Commission, 232 So.2d 239 (4 D.C.A Fla., 1970). That is, the Holmes County Hospital Board of Trustees has no authority to lease the assets, operation, and management of hospital facilities under its control to a private corporation which would manage and operate such facilities, absent statutory authority therefor. See, AGO's 080-18 and 072-167. Cf., Ch. 79-569, Laws of Florida, which granted specific authorization to the City of Tallahassee to lease its hospital facilities to a not-for-profit corporation and Ch. 79-248, Laws of Florida, specifically authorizing the State Board of Education to lease the Shands Teaching Hospital and Clinics to a nonprofit corporation.
It should be noted that Ch. 82-147, Laws of Florida, which takes effect on July 1, 1982, authorizes the governing board of any county, district or municipal hospital organized and existing under the laws of this state to convert such hospital to a nonprofit Florida corporation, and enter into contracts with nonprofit Florida corporations for the purpose of operating and managing such hospital and any or all of its facilities of whatever kind and nature; and to enter into leases with a nonprofit Florida corporation for the operation of such facilities so existing. The term of such leases, contracts and agreements, and the conditions, covenants and agreements to be contained therein shall be determined by the governing board of such hospital. The 1982 law further provides that any such lease, contract or agreement shall provide that the articles of incorporation of such nonprofit Florida corporation shall be subject to the approval of the board of trustees of such hospital; shall require such nonprofit corporation to become qualified under s 501(c)(3) of the U.S. Internal Revenue Code; shall provide for the orderly transition of such facilities to such nonprofit corporation status; and for the return of such facilities to the county, municipality or district upon the termination of such agreement or the dissolution of such nonprofit Florida corporation.
In summary, unless and until legislatively or judicially determined otherwise, it is my opinion that the Board of Trustees of the Holmes County Hospital Corporation is not authorized by Ch. 30843, 1955, Laws of Florida, as amended, to lease the facilities of the Holmes County Hospital to a private corporation which would manage and operate the county hospital corporation's hospital facilities.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General