Mr. David L. Cook Attorney Tax Collector of Escambia County 225 South Adams Street Post Office Box 1833 Tallahassee, Florida 32302
Dear Mr. Cook:
This in in response to your request for an opinion on substantially the following question:
 MAY A COUNTY TAX COLLECTOR EXPEND PUBLIC FUNDS TO PURCHASE A VENDING MACHINE FOR THE OPTIONAL USE BY THE PUBLIC IN LAMINATING BOAT REGISTRATIONS AND HUNTING OR FISHING LICENSES?
Your question involves the expenditure of public funds by a public officer making it necessary to determine whether the officer in question has been expressly authorized by statute to expend funds for the purpose under consideration, or must be considered to have been given such authority by necessary implication in order to carry out some duty or function expressly imposed by statute. In further support of the above stated principle of law, the public officer at issue herein, a county tax collector, is, like the other county officers, a constitutional officer who possesses only such powers and duties as are granted or imposed by law in addition to falling within the category of a county administrative officer whose powers and duties must also be prescribed by statute, see, s 5(c), Art. II and s 1(d), Art. VIII, State Const. In short, county tax collectors of this state have no common law powers and authority to expend funds for the purpose under consideration must be expressly or impliedly granted by statute. See, AGO 078-135, wherein it was opined that in the absence of statutory authority a county tax collector was not authorized to establish and maintain branch offices for the conduct of his statutory duties and functions or expend income of the office therefor; AGO 078-77, wherein it was opined that county tax collectors were not expressly or impliedly authorized by law to contract with or appoint banks to act as agents for the collection of ad valorem taxes. See also, AGO 071-28. Cf., Hopkins v. Special Road Bridge District No. 4, 74 So. 310 (Fla. 1917); White v. Crandon, 156 So. 303 (Fla. 1934); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); Lang v. Walker, 35 So. 78
(Fla. 1903).
It is fundamental that a county officer in creating a charge or claim against county funds must be authorized by law to do so; and the claim or indebtedness so created must be such as may legitimately be incurred under express or clearly implied power given by statute. Davis v. Keen, 192 So. 200, 203 (Fla. 1939). Moreover, while an express power duly conferred may include implied authority to use means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred. Molwin Inv. Co. v. Turner,167 So. 33 (Fla. 1936). As was emphasized in AGO 071-28, to perform any function for the state (or a county) or to expend any state (or county) moneys, the officer seeking to perform such function or to incur such obligation against public funds must find and point to a constitutional or statutory provision so authorizing him to do. If the authority is implied rather than express, the officials must not only point to the statute expressly authorizing or requiring the performance of a particular duty or function but also point out why the expenditure in question is necessary in order to carry out the express duty or function. In other words, any implied power must be necessarily implied from a duty which is specifically or expressly authorized by statute and any power to be implied must also be essential in order to carry out the expressly granted power or duty imposed. In accord, AGO 078-101, in which it was opined that a county property appraiser was not expressly or impliedly authorized by statute to expend public funds for development and distribution of informational material explaining the operation of the office and the duties of the appraiser; AGO 075-299, in which it was opined that a public officer should not use public funds to purchase and disseminate hundreds of photographs of himself to his employees and to private persons.
I have found no statutory provision expressly authorizing or requiring a county tax collector to furnish license laminating services to the public or to expend public funds to purchase a vending machine for the optional use by the public in laminating the boat registrations and hunting or fishing licenses which he is statutorily required to issue. See, s 327.11, F.S., in reference to boat registration; and ss 372.561, 372.574, 372.60 and 372.61, F.S., in reference to hunting and fishing licenses. As to necessarily implied authority, an examination of the relevant statutory provisions as they pertain to the duties and functions of a tax collector fail to reveal any express or specific duty or function from which it must necessarily be implied that the expenditure of public funds for the purchase of a laminating machine is essential or necessary in order to carry out the duties or functions imposed or authorized by law. Since the provision of such laminating capability is not authorized by law, it appears at best very questionable that a laminating vending machine for the optional use by the public constitutes a necessary operating expense of the office of tax collector in performing or fulfilling the licensing duties imposed on said officer pursuant to ss 327.11 and 372.561, F.S. Nor does it appear that the provision of such laminating vending machine is necessary in insuring compliance with the statutory provisions at issue herein. Cf., AGO 082-81.
Moreover, in situations concerning the exercise of powers by public officers, it is clear that where there is reasonable doubt as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested. Hopkins v. Special Road Bridge District No. 4, supra; Gessner v. Del-Air Corporation, supra.
I therefore conclude that a county tax collector is not authorized by law to furnish license laminating facilities and services to the public or to expend public funds to purchase a vending machine for the optional use by the public in laminating the boat registrations and hunting or fishing licenses issued by the tax collector under the provisions of Chs. 327 and 372, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General