Richard B. Fulwider Chief Administrator Cedar Hammock Fire Control District
QUESTION: May the Cedar Hammock Fire Control District, created by special act as an independent special district, enter into an investment pool with another unit of local government when some of the investments do not meet the requirements of s. 218.345, F.S.?
SUMMARY: In the absence of a provision in the district's enabling legislation or in general law, the Cedar Hammock Fire Control District may not invest its surplus funds, either directly or through an investment pool, in investments which do not meet the requirements of s. 218.345, F.S.
The Cedar Hammock Fire Control District is an independent special district, created by special law, for the purpose of providing fire prevention and protection services to the unincorporated areas of Manatee County.[1] According to your letter, the district has been looking into an investment pool with another unit of local government. You state, however, that one of the investments utilized in the pool does not meet the requirements of s. 218.345, F.S. You, therefore, inquire whether the district may enter into such an investment.
It is well established within this state that special districts possess only such powers as are expressly or by necessary implication authorized or granted by statute.[2] The enabling legislation for the district is silent as to the investment of district funds.[3] Section 218.345(1), F.S., however, provides limited statutory authority for a special district to invest its "surplus funds" in certain enumerated funds, obligations, and securities.[4]
While your letter does not provide any information regarding the nature of the funds to be invested, it is assumed for purposes of this inquiry that the funds in question are "surplus funds" as that term is defined in s. 218.345(4), F.S.[5] The fire control district clearly falls within the definition of "special district" contained in s. 218.31(5), F.S., for purposes of Part III, Ch. 218, F.S., to mean:
 [A] local unit of special government, except district school boards and community college districts, created pursuant to general or special law for the purpose of performing prescribed specialized functions, including urban service functions, within limited boundaries. Thus, s. 218.345, F.S., provides limited statutory authority for special districts, like the Cedar Hammock Fire Control District to invest surplus funds. The authority to invest granted by s. 218.345, F.S., however, is not unlimited as the statute restricts investments to those enumerated therein. Where the Legislature has prescribed the method of doing a thing, that method must be observed.[6] While s. 218.345, F.S., is supplemental to any other law relating to legal investments of special districts,[7] you have not advised this office of any other provision of law authorizing the district to make such investments.
Therefore, in the absence of a statute authorizing such investments, I am of the opinion that the Cedar Hammock Fire Control District may not invest its surplus funds, either directly or through an investment pool, in investments which do not meet the requirements of s. 218.345, F.S.[8]
RAB/tjw
[1] See, Ch. 84-478, Laws of Florida, as amended by Chs. 85-450 and 89-483, Laws of Florida.
[2] See, e.g., White v. Crandon, 156 So. 303 (Fla. 1934); Hopkins v. Special Road and Bridge District No. 4,74 So. 310 (Fla. 1917). And see, Molwin Investment Company v. Turner,167 So. 33 (Fla. 1936) (express power duly conferred may include implied authority to use means necessary to make express power effective, but may not warrant the exercise of a substantive power not conferred).
[3] Section 6, Ch. 84-478, Laws of Florida, states that all proceeds of assessments and other funds of the district shall be deposited in the name of the district in a financial institution designated under Ch. 280, F.S., as a certified public depository.
[4] See, s. 218.345(1), F.S., which provides:
The governing body of each special district shall, by resolution to be adopted from time to time, invest and reinvest any surplus public funds in its control or possession in:
(a) The Local Government Surplus Funds Trust Fund, as created by s. 218.405; (b) Negotiable direct obligations of, or obligations the principal and interest of which are unconditionally guaranteed by, the United States Government at the then prevailing market price for such securities; (c) Interest-bearing time deposits or savings accounts in banks organized under the laws of this state, in national banks organized under the laws of the United States and doing business and situated in this state, in savings and loan associations which are under state supervision, or in federal savings and loan associations located in this state and organized under federal law and federal supervision, provided that any such deposits are secured by collateral as may be prescribed by law; (d) Obligations of the Federal Farm Credit Banks, Federal Home Loan Mortgage Corporation, or Federal Home Loan Bank or its district banks, including Federal Home Loan Mortgage Corporation participation certificates, or obligations guaranteed by the Government National Mortgage Association; or (e) Securities of, or other interests in, any open-end or closed-end management type investment company or investment trust registered under the Investment Company Act of 1940, 15 U.S.C. ss. 80a-1 et seq., as amended from time to time, provided the portfolio of such investment company or investment trust is limited to United States obligations and to repurchase agreements fully collateralized by such United States Government obligations, and provided such investment company or investment trust takes delivery of such collateral either directly or through an authorized custodian.
[5] See, s. 218.345(4), F.S., defining "surplus funds" as "funds in any general or special account or fund of the district held or controlled by the governing body of the district, which funds in reasonable contemplation will not be needed for the purposes intended within a reasonable time from the date of such investment."
[6] Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944).
[7] Section 218.345(6), F.S.
[8] See, e.g., AGO 82-43 stating that a district mental health board may not invest in money market funds since such funds are not among those enumerated in s. 218.345, F.S.And see, AGO 80-15 (s. 218.345, F.S., does not authorize the governing body of a district to delegate its investment authority and in the absence of statutory authorization for such a delegation elsewhere, the governing body could not delegate its authority).